**UNITED STATES of America and Edward E. McGee, Special Agent, Internal Revenue Service, Petitioners-Appellants,**

v.

**CITY NATIONAL BANK & TRUST COMPANY, Larnce D. Hicks, Senior Vice President, Respondents-Appellees,**

**Richard V. Davis, Intervenor-Appellee.**

**No. 80–1030.**

United States Court of Appeals, Tenth Circuit.

Submitted Feb. 17, 1981.

Decided March 2, 1981.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Charles E. Brookhart and George L. Hastings, Jr., Attys., Tax Division, Washington, D. C., of counsel; Larry D. Patton, U. S. Atty., Dept. of Justice, Oklahoma City, Okl., for petitioners-appellants.

Clarke L. Randall of Kornfeld McMillin Phillips & Upp, Oklahoma City, Okl., for intervenor-appellee.

Before HOLLOWAY, McKAY and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

The United States through Edward E. McGee, a special agent of the Internal Revenue Service (IRS), sought judicial enforcement of IRS summonses of certain bank records, checks and deposit items of the Church of the New Age, over which Richard C. Davis, the minister of the church, and his wife Karen S. Davis had signature authority. The IRS was investigating the tax liability of the Davises, not that of the Church of the New Age.

The district court ordered the bank to comply with the summonses but exempted production of copies of deposit items, including negotiable instruments, checks, and money orders, on the ground that "all relevant purposes the objected to items might serve could be determined without their disclosure." The Court stated that the relevancy of the deposit items was merely speculative. The government appealed.

An evidentiary hearing was conducted before a United States magistrate, at which the only evidence presented was the testimony of Agent McGee. McGee testified that he had evidence that certain payroll checks payable to Mr. and Mrs. Davis had been endorsed over and deposited in the church's account. He wanted to examine all deposit items relating to those accounts controlled by the Davises to determine whether the deposits constituted taxable income to the Davises, or whether they were gifts or came from some other nontaxable source. The Davises argued before the magistrate and the district judge that the deposit items were not necessary to the government's investigation and that the government sought them simply to discover the names of contributors to the church. The magistrate made findings of fact and conclusions of law in which he determined that the summonses had been granted for legitimate and proper purposes; he entered an order, subject to the final approval of the district court, enforcing the summonses as drafted. The district court, without a further evidentiary hearing, determined that the relevance of the deposit items was merely speculative and denied enforcement of that portion of the summons.

Section 7602 of the Internal Revenue Code authorizes the Commissioner of Internal Revenue to summons books and records that may be relevant or material in determining a person's income tax liability. In *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964), the Supreme Court held that to obtain enforcement of his summons the Commissioner need only show that the material sought may be relevant to a proper purpose, that the Commissioner does not already possess the information, and that the proper administrative steps have been followed.

■ In cases involving IRS subpoenas of records belonging to third parties, the requirement of "materiality and relevancy" is satisfied by a showing that the record sought "might throw light on the correctness of taxpayer's returns." *United States v. Davey*, 543 F.2d 996, 1000 (2d Cir. 1976). *Accord, United States v. Matras*, 487 F.2d 1271, 1274 (8th Cir. 1973); *United States v. Turner*, 480 F.2d 272, 279 (7th Cir. 1973); *United States v. Ryan*, 455 F.2d 728, 733 (9th Cir. 1972). The requisite showing is generally made by affidavit of the agent who issued the summons and seeks enforcement. *United States v. Garden State Nat'l Bank*, 607 F.2d 61, 68 (3d Cir. 1979).

■ We agree that the proper question for the trier of fact to ask is
> "whether from what the Government already knows there exists the requisite nexus between taxpayer and records of another's affairs to make the investigation reasonable—in short, whether the 'might' in the articulated standard, 'might throw light upon the correctness of the return,' is in the particular circumstances an indication of a realistic expectation rather than an idle hope that something may be discovered."

*United States v. Harrington*, 388 F.2d 520, 524 (2d Cir. 1968). In the instant case, the district court, after reviewing the magis-

trate's findings, held that "the income and tax liability of the Davises may be determined without examination of the deposit items and that all relevant purposes the objected to items might serve could be determined without their disclosure." Record, vol. I, at 34. We conclude the court applied an incorrect standard. It matters not whether the government's purposes may be achieved without disclosure of the deposit items; the Commissioner is entitled to subpoena such items if there is some realistic expectation that they may illuminate the accuracy or inaccuracy of the taxpayer's return.

Agent McGee's testimony that checks constituting income to the Davises had been handled through the accounts and that the Davises had signature authority over the accounts is sufficient to establish that other items deposited in the account might be relevant in ascertaining the taxable income of the Davises. In the words of *Harrington*, relied upon by both parties, it seems clear that under these facts there exists a "realistic expectation rather than an idle hope that something may be discovered" in these deposit items. 388 F.2d at 524.

REVERSED AND REMANDED.