**John A. VOSS and Sharon Voss, Petitioners,**

**v.**

**UNITED STATES of America, Respondent.**

**Civ. A. No. 83–K–1056.**

United States District Court, D. Colorado.

Oct. 24, 1983.

John A. Voss and Sharon Voss, pro se.

John D. Steffan, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., Robert N. Miller, U.S. Atty., Denver, Colo., for respondent.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This matter comes before me on various motions filed by the respondent, United States of America in response to the petitioners' motions for declaratory judgment, injunctive relief and to quash service of summonses. Petitioners John A. Voss and his wife Sharon Voss are members of the National Commodity and Barter Association, an alleged "unincorporated, voluntary, political association of individuals, whose members promote individual civil liberties, and extensive tax and monetary reforms." · Mr. Voss is currently the subject of an investigation by the Internal Revenue Service (I.R.S.) regarding his federal tax liabilities for the years 1978–1981. As a result of this investigation, summonses have been issued to various banks where John and Sharon Voss own joint bank accounts. The petitioners claim that the investigation has violated their constitutional rights. In ruling on respondent's motions I will determine if petitioners are entitled to relief.

## I. MOTION TO DISMISS PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF

 Petitioners have asked this court to declare unconstitutional the Tax Equity and Fiscal Responsibility Act of 1982 [1] (TE-

---

1. On August 19, 1982, Congress enacted Public Law 97–248, the Tax Equity and Fiscal Responsibility Act of 1981, which was signed into law by the President on September 3, 1982. TEFRA substantially changed the procedures by which Internal Revenue Services summonses issued to

FRA). Respondent claims that this court has no jurisdiction to make a declaratory judgment regarding TEFRA. Respondent bases its claim on the Declaratory Judgment Act which reads:

In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes,* other than actions brought under section 7428 of the Internal Revenue Code of 1954 or a proceeding under section 505 or 1146 of title 11, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. (Emphasis added.)

28 U.S.C. § 2201 (Supp. V 1979). The language of the statute is clear; federal courts are prohibited from declaring the rights of parties regarding the collection of federal income taxes under TEFRA. The purpose of the federal tax exception contained in section 2201 is to prevent courts from disrupting federal revenue processes. *Bob Jones University v. Simon,* 416 U.S. 725, 736–37, 94 S.Ct. 2038, 2045–46, 40 L.Ed.2d 496 (1974); *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962); *Dietrich v. Alexander,* 427 F.Supp. 135, 137 (D.C.Pa.1977). I confronted this same issue in *Oldland v. Kurtz,* 528 F.Supp. 316 (D.C.Colo.1981) where the Declaratory Judgment Act prevented me from granting relief to plaintiffs who claimed that they were not subject to the code filing requirements. 528 F.Supp. at 320 n. 5. There are only two exceptions to the general rule

barring declaratory relief in cases involving federal taxes.[2] The first exception is where the government could under no circumstances ultimately prevail and the prerequisites for equity jurisdiction are met. *Williams Packing,* 370 U.S. at 7, 82 S.Ct. at 1129; *Bob Jones Univ.,* 416 U.S. at 742–46, 94 S.Ct. at 2048–50. The second is where an aggrieved party has no access at all to judicial review. 416 U.S. at 746, 94 S.Ct. at 2050; *United States v. American Friends Service Comm.,* 419 U.S. 7, 11, 95 S.Ct. 13, 15, 42 L.Ed.2d 7 (1974). The present request for relief by petitioners fits within neither exception. Therefore, I must grant respondent's motion to dismiss the petition for declaratory relief.

■ Petitioners have also asked this court to issue an injunction requiring the return of all revenue collected under TEFRA. Respondent declares that this court is barred from issuing any such injunction by the Anti-Injunction Act, I.R.C. § 7421(a), which reads:

Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

It is clear that petitioners are asking this court to restrain the collection of taxes under TEFRA. This court could issue an injunction if petitioners satisfied the exceptions to the bar against granting declaratory relief. 370 U.S. at 7, 82 S.Ct. at 1129; 416 U.S. at 742–46, 94 S.Ct. at 2048–50. Since I determined that petitioners did not meet those exceptions, I must deny their request for an injunction. *See Investment*

---

statutory third-party recordkeepers are to be litigated. Under prior law (Tax Reform Act) any proper noticee had the right to prevent the third party recordkeeper from complying with the summons. The government was then forced to bring an enforcement action in federal district court. Under TEFRA, the summons must be complied with unless a person entitled to notice begins a proceeding to quash the summons not later than the 20th day after notice of the summons is given. I.R.C. § 7609(b)(2)(A).

The new law also provides that in any proceeding to quash a summons, the United States may seek to compel compliance with the summons in the same lawsuit. *Id.*

**2.** The federal tax exception to the Declaratory Judgment Act is "at least as broad as the Anti-Injunction Act." *Deukmejian v. Regan,* 641 F.2d 721, 723 (9th Cir.1981) (citing *Bob Jones Univ.,* 416 U.S. at 733 n. 7, 94 S.Ct. at 2044 n. 7).

*Annuity Inc. v. Blumenthal,* 609 F.2d 1, 9 (D.C.Cir.1979), *cert. denied,* 446 U.S. 981, 100 S.Ct. 2961, 64 L.Ed.2d 837 (1980).

## II. MOTION TO DISMISS PETITION TO QUASH SUMMONS TO GLOBE INDUSTRIAL BANK

Petitioners gave notice to this court and opposing counsel in their brief, that they are not opposed to the dismissal of the petition to quash the summons to Globe Industrial Bank. Therefore, I am granting respondent's motion to dismiss that petition.

## III. MOTION TO DENY PETITION TO QUASH INTERNAL REVENUE SERVICE SUMMONSES

■ Petitioners' first objection to the issuance of the Internal Revenue Service summonses to the First Bank of South Longmont and Security Bank of Boulder is that they were issued in "bad faith" and therefore do not meet the requirements in *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). The four part "good faith" test enunciated in *Powell* requires: 1) that the investigation be conducted pursuant to a legitimate purpose, 2) that the inquiry be relevant to that purpose, 3) that the information sought is not already within the commissioner's possession and 4) that the administrative steps required by the code have been followed. 379 U.S. at 57–58, 85 S.Ct. at 254–255.

■ Petitioners first attack the legitimacy of the investigation into the tax liability of John Voss by claiming that the I.R.S. has no jurisdiction over his person. Petitioners then stray-off into an elaborate diatribe regarding the power of congress to authorize the I.R.S. to investigate his tax liability. Petitioners have failed to show how the respondent has not met the four prong test of *Powell.* Good faith is usually established by the affidavit of the agent who issued the summonses. *United States v. City National Bank & Trust Co.,* 642 F.2d 388, 389 (10th Cir.1981); *United States v. Garden State National Bank,* 607 F.2d 61, 68 (3d Cir.1979). No more

than an affidavit is necessary to establish a prima facie case of "good faith." *See United States v. Kis,* 658 F.2d 526, 536 & n. 28 (7th Cir.1981). I am convinced from reading the affidavit of Paulette G. Johnson, Special Agent of the Criminal Investigation Division of the I.R.S. that the purpose of the summonses is legitimate. The purpose is to determine the correct tax liability of John A. Voss for the years in which he did not file income tax returns. The items sought through the summonses, cancelled checks, account statements, etc., are relevant to a determination of his tax liability. Finally, the information sought is not already in the possession of the government and there has been no showing by petitioners that respondent has not followed the administrative steps required by the Internal Revenue Code. Thus, petitioners' objection to the issuance of the summonses on grounds of "bad faith" is without merit.

## IV. MOTION TO DISMISS IMPROPER PARTIES

Before any further discussion of petitioners' objections to the issuance of these summonses, I must determine if Sharon Voss is a proper party to this petition to quash. Such a determination relates to the "legality" of these summonses.

■ Section 7609(b)(2) of the Internal Revenue Code clearly provides that only taxpayers "entitled" to notice of a summons under section 7609(a) can bring a proceeding to quash. Petitioner Sharon Voss seeks intervention on the basis that she is a joint owner with her husband John Voss of the bank accounts which are the subject of these summonses. Her status as a joint owner however, is not sufficient to confer standing to bring a motion to quash within the meaning of section 7609(b)(2). The fact that she was not named in the summonses prevents her from bringing the motion to quash. Section 7609(a)(1)(B) only requires notice to the person identified in the description of the records sought through the summonses. The summonses at issue seek all records on

open or closed accounts relating to John A. Voss for the period 1978–1981. Since Sharon Voss is not named in the summonses, she was not entitled to notice and therefore lacks standing to bring a motion to quash these summonses. Petitioners in their brief, concede to the dismissal as parties of Paulette Johnson, Donald T. Regan and Roscoe Egger. Respondent's motion to dismiss these parties as well as Sharon Voss is granted.

## V. MOTION TO DENY PETITION TO QUASH INTERNAL REVENUE SERVICE SUMMONSES

Petitioners' second objection to the issuance of the summonses is that they were "illegally" issued in contravention of I.R.C. § 7602(c)(1) which prohibits the issuance of administrative summonses when there is a "Justice Department Referral" in effect. A Justice Department Referral is in effect when:

> [T]he Secretary has recommended to the Attorney General a grand jury investigation of, or criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws, ....

I.R.C. § 7602(c)(2)(A)(i)

■ Petitioners refer to the declaration of Gerald Mihlbachler, District Director of the Internal Revenue Service, taken in the case of *John Grandbouche v. Pauline Adams*, 80–C–1340 as supporting their belief that a Justice Department Referral has been instituted against them. Mr. Mihlbachler stated in his declaration of February 12, 1981, that he "concurred in the recommendation for the Grand Jury investigation regarding members of a tax protest organization of which plaintiffs may be associated." The investigation which Mr. Mihlbachler refers to was directed against John Grandbouche and other members of the N.C.B.A. A review of the record shows that Sharon Voss is indeed a target of that investigation. However, Sharon Voss is not a proper party to this motion to quash since the summonses do not seek information regarding her tax liability. John Voss

is the subject of these summonses. Therefore, the pertinent issue is whether a Justice Department Referral is in effect against him. After reviewing the affidavits of Paulette Johnson, and Dennis Koeppel, the Department of Justice trial attorney before the grand jury investigation in the judicial district of Colorado, I am convinced that no "Justice Department Referral" is in effect against John Voss. Therefore, the issuance of these summonses did not violate section 7602(c)(1) of the Internal Revenue Code.

■ The petitioners' third objection to the issuance of these summonses is that they infringe their First Amendment rights. The basis of their claim is that the Internal Revenue Service is simply using this investigation as a guise for obtaining the membership list of the N.C.B.A., thereby infringing petitioners' freedom to associate. Petitioners seek to bring their case within the circumstances of a recent Tenth Circuit case which upheld a similar claim. The Tenth Circuit in *In Re First National Bank*, 701 F.2d 115 (10th Cir.1983) held that the petitioners, members of the National Commodity & Barter Association, were entitled to an evidentiary hearing on whether the compelled disclosure of membership identities under a grand jury subpoena would chill the associational rights of N.C.B.A. members. The court found that the petitioners had established a "prima facie" case of infringement of associational rights. I am convinced that the facts in this case are distinguishable.

First of all, the summonses in *First National* were issued for the specific purpose of obtaining records of the accounts of N.C.B.A., which if obtained would have resulted in revealing the membership list of N.C.B.A. The petitioners in that case also submitted affidavits describing the harassment and intimidation of members of the N.C.B.A. and the reluctance of those sympathetic to the goals of the N.C.B.A. to associate with the group for fear of reprisals. 701 F.2d at 116–117. Proof of such conduct by the IRS clearly amounts to a threat to First Amendment freedoms. *See*

*N.A.A.C.P. v. Alabama,* 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958) (compelled disclosure of membership lists declared unconstitutional).

The case at bar is totally different. These summonses have not been issued to obtain the records of the N.C.B.A., but to establish the tax liability of one individual, John A. Voss, for the years in which he did not file income tax returns. The petitioners have not submitted by affidavit or otherwise, evidence that they have been harassed by Paulette Johnson or others involved in this investigation. Petitioners have also failed specifically to demonstrate how their associational rights or the rights of other members of the N.C.B.A. will be chilled by disclosure of the summoned data. Such a showing is necessary in order to establish a "prima facie" case of infringement of associational rights.

Petitioners insist that the government has not met its burden of proof since it has not established a substantial relationship between the interest in establishing the tax liability of John Voss and the issuing of the summonses to obtain records regarding his income. *See Buckley v. Valeo,* 424 U.S. 1, 64, 96 S.Ct. 612, 656, 46 L.Ed.2d 659 (1976). I disagree. The relationship between the governmental interest and the information to be disclosed is relevant and substantial. There is no possible way in which the government can establish Mr. Voss's tax liability without obtaining records of his income. Thus, petitioners' motion to quash these summonses to third party record keepers will not be granted, since there is no prima facie showing of a First Amendment violation.

## IV. MOTION FOR ATTORNEY FEES, EXPENSES AND COSTS

■ Respondent asks this court to award attorney fees due to the "bad faith manifested in petitioners' clearly frivolous, vexatious and obstructive purpose in challenging these summonses." It is clear that

respondent is entitled to an award of costs under Rule 54(d), F.R.Civ.P.[3] However, I must deny respondent's motion for attorney fees because I am not convinced that the petitioners' acted "vexatiously, wantonly, or for oppressive reasons" in challenging these summonses. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975).

IT IS ORDERED THAT:

Respondent's motion to dismiss the petition for declaratory and injunctive relief is granted.

Respondent's motion to dismiss the petition to quash the summons to Globe Industrial Bank is granted.

The summoned party, First Bank of South Longmont, by its representatives, shall comply with and obey the summons served upon it, by appearing at its offices before Special Agent Paulette G. Johnson, or her designee, on or before the 5th day of November, 1983, then and there to testify and to produce for inspection and copying all of the books, papers, records and other data described in the summons, such appearance, testimony, inspection and copying to continue from day to day until complete.

The summoned party, Security Bank of Boulder, by its representatives, shall comply with and obey the summons served upon it by appearing at its offices before Special Agent Paulette G. Johnson, or her designee, on or before the 6th day of November, 1983, then and there to testify and to produce for inspection and copying all of the books, papers, records and other data described in the summons, such appearance, testimony, inspection and copying to continue from day to day until complete.

Respondent's motion to dismiss Sharon Voss, Paulette Johnson, Donald T. Regan and Roscoe Egger as improper parties is granted.

---

**3.** "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs...."

Respondent's motion for attorney fees is denied. Respondent's motion for costs is granted.