William **HOLDERBAUM**, Petitioner,

v.

**UNITED STATES of America; Douglas S. Weikle, Special Agent Internal Revenue Service; Donald T. Regan, Secretary of the Treasury, United States of America; and Rosco L. Egger, Jr., Commissioner of Internal Revenue Service, United States of America, Respondents.**

Civ. A. No. 83–F–1444.

United States District Court,
D. Colorado.

March 12, 1984.

William Holderbaum, pro se.

Robert N. Miller, U.S. Atty., D. Colorado, Denver, Colo., John D. Steffan, Tax Division, Department of Justice, Washington, D.C., for respondents.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

PETITIONER William Holderbaum is a member of the National Commodity And Barter Association ("NCBA"), an alleged "unincorporated, voluntary, political association of individuals, whose members promote individual civil liberties, and extensive tax and monetary reforms." Mr. Holderbaum is currently the subject of an investigation by the Internal Revenue Service ("IRS") regarding his federal tax liabilities for the years 1980 and 1981. As a result of this investigation, a summons has been issued to the Mesa Federal Savings & Loan Association, where the Petitioner maintains bank accounts. The Petitioner brought this action seeking a declaratory judgment that the Tax Equity And Fiscal Responsibility Act of 1982 ("TEFRA") and/or Section 331 of TEFRA, is unconstitutional. Based on this claim, Plaintiff seeks to enjoin the return of all revenues collected pursuant to TEFRA. In addition, Petitioner has requested the Court to quash the third-party recordkeeper summons that has been issued to Mesa Federal Savings & Loan Association. Petitioner maintains that the summons is invalid for three reasons: (1) the Petitioner is the subject of a Justice Department referral; (2) the summons was issued in bad faith; and (3) the summons violates Petitioner's rights under the First Amendment to the United States Constitution.

This matter is before the Court on the following motions, filed by Respondent on October 3, 1983: (1) Respondent's Motion

To Dismiss Petition For Declaratory And Injunctive Relief; (2) Respondent's Motion To Strike Improper Parties; and (3) Respondent's Motion To Deny Petition To Quash; For Summary Enforcement Of Summons; And For Attorneys' Fees, Expenses And Costs.

The parties have submitted extensive briefs, affidavits and exhibits in support of their respective positions on Respondent's motions. Upon a careful consideration of the briefs, affidavits, exhibits, and all other materials before the Court, the Court finds as follows: (1) Respondent's Motion To Dismiss Petition For Declaratory And Injunctive Relief should be GRANTED; (2) Respondent's Motion To Strike Improper Parties should be GRANTED; (3) Respondent's Motion To Deny Petition To Quash and Motion For Summary Enforcement Of Summons should be GRANTED; (4) Respondent's Motion For Attorneys' Fees should be DENIED; and (5) Respondent's Motion For Costs should be GRANTED.

## I. MOTION TO DISMISS PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF

As noted above, Petitioner moves this Court to declare that Section 331 of TEFRA, and TEFRA in its entirety, are unconstitutional. In its Motion To Dismiss Petition For Declaratory And Injunctive Relief, Respondent maintains that this Court has no jurisdiction to make a declaratory judgment regarding TEFRA. In support of this claim, Respondent cites the Declaratory Judgment Act, 28 U.S.C. § 2201, which states in pertinent part:

In a case of actual controversy within its jurisdiction *except with respect to Federal taxes,* other than actions brought under section 7428 of the Internal Revenue Code of 1954 or a proceeding under section 505 or 1146 of title 11, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration

shall have the force and effect of a final judgment or decree and shall be reviewable as such. (Emphasis added.)

The Court is of the view that the language of the statute is clear. Federal courts are prohibited from declaring the rights of parties regarding the collection of federal income taxes under TEFRA. *See John A. Voss and Sharon Voss v. United States,* 573 F.Supp. 957 (D.Colo.1983) (an opinion by Judge Kane), *appeal docketed,* No. 83–2433 (10th Cir. November 30, 1983), and cases cited therein. There are only two exceptions to the general rule barring declaratory relief in cases involving federal taxes: (1) where the government could under no circumstances ultimately prevail and the prerequisites for equity jurisdiction are met; and (2) where an aggrieved party has no access at all to judicial review. *John A. Voss and Sharon Voss v. United States, supra.* In the instant case, the Court finds that Petitioner's claim fits into neither of these two exceptions. Accordingly, Respondent's Motion To Dismiss Petition For Declaratory Relief should be GRANTED.

Petitioner also moves the Court to issue an injunction requiring the return of all revenue collected under TEFRA, and restraining the collection of taxes under TEFRA. However, given the Court's ruling regarding Petitioner's claim for declaratory relief, the Court finds that Petitioner's claim for injunctive relief is also inappropriate. *See Investment Annuity Inc. v. Blumenthal,* 609 F.2d 1, 9 (D.C.Cir.1979), *cert. denied,* 446 U.S. 981, 100 S.Ct. 2961, 64 L.Ed.2d 837 (1980); *John A. Voss and Sharon Voss v. United States, supra.* Accordingly, Respondent's Motion To Dismiss Petition For Injunctive Relief should be GRANTED.

## II. RESPONDENT'S MOTION TO STRIKE IMPROPER PARTIES

Respondent moves the Court to strike Respondents Douglas S. Weikle, Donald T. Regan and Roscoe L. Egger, Jr., from the Petition as improper parties to this action. Petitioner, in his response to Respondent's Motion To Strike, concedes that these indi-

viduals are not proper parties at this stage of the litigation. Accordingly, the Court finds that Respondent's Motion To Strike Improper Parties should be GRANTED.

### III. MOTION TO DENY PETITION TO QUASH INTERNAL REVENUE SERVICE SUMMONS AND MOTION FOR SUMMARY ENFORCEMENT

As noted above, the Petitioner raises three objections to the IRS summons that has been issued in the instant case: (1) Petitioner is the subject of a "Justice Department referral"; (2) the IRS summons was issued in bad faith; and (3) the IRS summons infringes on Petitioner's rights under the First Amendment to the United States Constitution. The Court finds these allegations, individually and collectively, to be without merit.

### A. JUSTICE DEPARTMENT REFERRAL

■ Petitioner maintains that the IRS lacked authority under 26 U.S.C. § 7602(c)(1) to issue the administrative summons in question because Petitioner is the subject of a "Justice Department referral."

No administrative summons may be issued by the IRS and the IRS may not begin any action to enforce any summons with respect to any person if a Justice Department referral is in effect with respect to such a person. 26 U.S.C. § 7602(c)(1). A Justice Department referral is in effect when:

(i) the Secretary has recommended to the Attorney General a grand jury investigation of, or criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws, or

(ii) any request is made ... for the disclosure of any return or return information ... relating to such person.

26 U.S.C. § 7602(c)(2)(A).

In support of his allegation regarding the existence of a Justice Department referral in the instant case, Petitioner cites a decla-ration of Gerald Mihlbachler, District Director of the IRS, taken in the case of *John Grandbouche v. Pauline Adams*, No. 80–C–1734, (D.Colo. Jan. 1, 1982). Mr. Mihlbachler stated in his declaration of February 12, 1981, that he "concurred in the recommendation for the Grand Jury investigation regarding members of a tax protest organization of which plaintiffs may be associated."

The investigation to which Mr. Mihlbachler refers was directed against John Grandbouche and other members of the NCBA. Petitioner offers no evidence, and fails to even suggest that he was a target of that particular investigation. Rather, petitioner apparently contends that he is the subject of a grand jury investigation because he is a member of the NCBA, which is allegedly the subject of a grand jury investigation.

Upon a review of the affidavits submitted by both parties, the Court finds that there is no Justice Department referral in effect with respect to the Petitioner. The affidavits submitted by the Respondent indicate that Petitioner is not the subject or the target of a grand jury investigation. In addition, the Respondent's affidavits indicate that no referral has been made to the Department of Justice relative to the prosecution of the Petitioner. Therefore, the authority of the IRS with respect to such an individual should not be curtailed merely because he is a member of an organization which may be a subject of a grand jury investigation.

### B. GOOD FAITH

The Court also rejects Petitioner's contention that the IRS summons is not judicially enforceable because it was not issued in good faith.

■ In *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the Supreme Court established a four part test for determining whether a summons is issued in good faith. The four part test requires: (1) that the investigation be conducted pursuant to a legitimate purpose;

(2) that the inquiry be relevant to that purpose; (3) that the information sought is not already within the commissioner's possession; and (4) that the administrative steps required by the United States Code have been followed. 379 U.S. at 57–58.

 The requisite showing of good faith in this area is generally made by the affidavit of the agent who issued the summons and who is seeking enforcement. *United States v. City National Bank & Trust Co.,* 642 F.2d 388, 389 (10th Cir.1981). Although such an affidavit might only create a rebuttable presumption regarding the existence of good faith, an affidavit is generally sufficient to make out a *prima facie* case for the existence of good faith. *United States v. Kis,* 658 F.2d 526, 536 (7th Cir.1981).

 In the instant case, the affidavits submitted by Respondent provide a *prima facie* showing that the IRS acted in good faith in issuing the summons in question. The affidavits indicate that the legitimate purpose of the summons is to determine Petitioner's correct tax liability for two years he did not file returns, 1980 and 1981. In addition, the records sought are relevant to a determination of Petitioner's correct sources of income, financial transactions, assets and liabilities. Furthermore, the affidavits indicate that the information sought is not already in the possession of the government and that the administrative steps required by the United States Code were followed in issuing the summons. Therefore, the Court finds that the Respondent has made a *prima facie* showing that the summons was issued in good faith.

Petitioner has attempted to rebut Respondent's *prima facie* showing of good faith by making numerous allegations regarding the "institutional posture of the agency" and the "good faith nature of the investigation." Specifically, Petitioner alleges that the IRS has served in the instant case as a mere information gathering agency for the Department of Justice.

 The Court, however, finds nothing in the record to indicate that the IRS has functioned as a mere information gatherer for the Justice Department. Furthermore, an IRS summons is not invalid merely because it relates to information which may be relevant to a criminal prosecution. The Third Circuit Court of Appeals recently explained that a valid IRS summons may be issued as long as the IRS uses it to pursue civil penalties and interests, even though during the course of the investigation involving significant amounts of civil liability the IRS agents conducting and reviewing the inquiry recognize that a recommendation for criminal prosecution might eventually be forthcoming. *U.S. v. Genser,* 602 F.2d 69 (3rd Cir.1979), *cert. denied* 444 U.S. 928, 100 S.Ct. 269, 62 L.Ed.2d 185 (1979).

Upon a thorough review of the record in this case, the Court finds that the summons in question was issued for a legitimate purpose. Furthermore, Petitioner has failed to rebut, by affidavit or otherwise, the *prima facie* showing of good faith that has been made by the Respondent. Accordingly, the Court rejects Petitioner's objection to the issuance of the summons on the grounds of "bad faith."

## C. FIRST AMENDMENT

 The Court also rejects Petitioner's contention that the summons in the instant case should be quashed because it infringes on the rights of the Petitioner under the First Amendment to the United States Constitution.

Petitioner maintains that the IRS is using this investigation as a guise for obtaining the membership list of the NCBA, thereby infringing on Petitioner's freedom of association. In addition, Petitioner attempts to bring this case within the bounds of a recent Tenth Circuit case which upheld a similar claim. The Tenth Circuit Court of Appeals in *In Re First National Bank,* 701 F.2d 115 (10th Cir.1983) held that the petitioners, members of the NCBA, were entitled to an evidentiary hearing on whether the compelled disclosure of membership identities under a grand jury subpoena

would chill the associational rights of NCBA members. The Court specifically found that the petitioners in that case had established a *prima facie* case of infringement of associational rights.

The Court finds that the instant case is clearly distinguishable from the case presented in *In Re First National Bank, supra.* The summonses in that case were issued for the specific purpose of obtaining records of the accounts of the NCBA, which, if obtained, would have revealed the membership lists of the NCBA. In the instant case, the summons in question does not request the records of the NCBA and does not seek any records specifically relating to Petitioner's participation in that organization. Rather, the summons in the instant case merely requests petitioner's financial records. Although the requested records may include the names of Petitioner's business associates, and some of those associates may be members of the NCBA, the Court finds that such a situation does not provide sufficient cause to quash an IRS summons.

The situation in *In Re First National Bank, supra,* is also distinguishable in that the petitioners in that case submitted affidavits describing the harassment and intimidation of members of the NCBA, and the reluctance of those sympathetic to the goals of the NCBA to associate with the group for fear of reprisals. 701 F.2d at 116–117. The Petitioner in the instant case has not submitted, by affidavit or otherwise, evidence that he has been harassed by anyone involved in this investigation. Petitioner has also failed to specifically demonstrate how his associational rights or the rights of other members of the NCBA will be chilled by disclosure of the summoned data. Such a showing is necessary in order to establish a *prima facie* case of infringement of associational rights. *John A. Voss and Sharon Voss v. United States, supra.*

The Court is aware of the importance of an individual's rights regarding privacy and freedom of association. *See NAACP v. Alabama,* 357 U.S. 449, 78 S.Ct. 1163, 2

L.Ed.2d 1488 (1958). In addition, the Court is aware that when enforcement of a subpoena would likely chill associational rights, the government must show a compelling need to obtain documents identifying an organization's members. *In Re First National Bank, supra.*

For the reasons stated above, however, the Court is of the opinion that production of Petitioner's financial records would not infringe on Petitioner's rights under the First Amendment to the United States Constitution. The Court finds that production of the requested documents will have little, if any, chilling effect on the First Amendment rights of the Petitioner or his business associates. Furthermore, the Court believes that an individual should not be insulated from tax liability or investigation into his tax liability merely because he is a member of a particular organization or deals with members of a particular organization. Where good faith is present, and the IRS has complied with the various limitations on its power to issue a summons, the Court finds that the summons should not be quashed merely because it requests an individual's financial records which might include names of some of a particular organization's members. To hold otherwise would, to a great extent, eliminate the authority of the IRS to act pursuant to 26 U.S.C. § 7609(b). Accordingly, even if Petitioner can establish some incidental chilling of his rights under the First Amendment to the United States Constitution, the Court finds that such an incidental chilling effect does not warrant quashing the summons in the instant case.

## IV. MOTION FOR ATTORNEYS' FEES, EXPENSES AND COSTS

Respondent moves the Court for an award of attorneys' fees, expenses and costs on the grounds that the petition in the instant case "was filed in bad faith and solely for delay".

The Court notes that Petitioner's pleadings in the instant case are virtually identical to those submitted by the Petitioners in *John A. Voss and Sharon Voss v. United*

*States, supra.* By Memorandum Opinion and Judgment dated October 24, 1983 and October 26, 1983 respectively, Judge John Kane of this District resolved all issues in that case in favor of the United States and ordered enforcement of the summonses therein. The filing of what appear to be "form pleadings" in the instant case lends an element of support to Respondent's assertion that the instant case was brought solely for the purpose of delaying the enforcement of the summons in question.

Upon a careful consideration of this issue, however, the Court finds that Respondent's motion for attorneys' fees should be DENIED. The Court is not convinced that the Petitioner acted "vexatiously, wantonly, or for oppressive reasons" in challenging the summons in the instant case. *See Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622–23, 44 L.Ed.2d 141 (1975). Accordingly, Respondent's motion for attorneys' fees will be DENIED. The Respondent, however, is clearly entitled to an award of costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Therefore, Respondent's motion for costs will be GRANTED.

### ORDER

For the reasons stated above, Respondent's Motion To Dismiss Petition For Declaratory And Injunctive Relief is hereby GRANTED.

Respondent's Motion To Strike Improper Parties is hereby GRANTED.

Respondent's Motion To Deny Petition To Quash and Motion For Summary Enforcement Of Summons is hereby GRANTED.

Respondent's Motion For Attorneys' Fees is hereby DENIED. Respondent's Motion For Costs is hereby GRANTED.

It is ORDERED that the summoned party, Mesa Federal Savings & Loan Association, by its representatives, shall comply with and obey the summons served upon it, by appearing at its offices before Special Agent Douglas S. Weikle, or his designee, on or before the 26th day of March, 1984, then and there to testify and to produce for inspection and copying all of the books, papers, records and other data described in the summons, such appearance, testimony, inspection and copying to continue from day to day until complete.

The petition and this civil action are hereby DISMISSED. The Clerk of the Court is DIRECTED to enter judgment in accordance with this order in favor of the Respondent and against the Petitioner.