Alexander ABRAHAM, James R. Abraham, Miriam Abraham, Otto Abraham Trust, Peter De Haas, Frederick Frank, Arthur Fried, Meryl Gallatin, Evelyn Gollomp, Fred Graber, Edmund A. Hajim, F. Warren Hellman, George Heyman, Jr., Allan B. Hunter, Bernard Laterman, David Leinbach, Arthur Magill, Paul Manheim, William H. Osborn, Andrew G.C. Sage, William Taft, Stuart Travis, Arthur Weigner, and Sidney Winters, Petitioners,

v.

UNITED STATES of America and James R. Borowski, Respondents.

No. 83 Civ. 1487 (SWK).

United States District Court, S.D. New York.

March 29, 1984.

Kronish, Lieb, Shainswit, Weiner & Hellman, New York City, for petitioners; Stephen D. Gardner, John Hartje, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for respondent; Gerald T. Ford, New York City, of counsel.

## MEMORANDUM DECISION AND ORDER

KRAM, District Judge.

### BACKGROUND

The above-captioned action came before this Court on the petition of the taxpayer-petitioners to quash two summonses served on Lehman Brothers Kuhn Loeb Inc. ("Lehman Trading") which required production of records of financial transactions of the petitioners. The summonses were issued by the Internal Revenue Service ("IRS") in furtherance of an audit of the tax liability of Lehman Brothers Kuhn Loeb Holding Company ("Lehman Holding") for tax years 1976 and 1977. Lehman Holding is and was the parent corporation of Lehman Trading, and was identified as such, pursuant to sections 1501 *et seq.* of the Internal Revenue Code ("the Code"), 26 U.S.C. § 1501, *et seq.*, and the applicable Treasury Regulations, § 1.1502, 26 C.F.R. (1960), on the consolidated income tax returns filed for tax years 1976 and 1977. In their petition to quash and the papers subsequently filed in opposition to the IRS motion to dismiss the petition, petitioners argue that the IRS failed to follow the appropriate procedures required by § 7609(b)(2) of the Code for third-party recordkeeper subpoenas. The IRS denies that the summonses in question are third-party recordkeeper subpoenas within the meaning of section 7609(b)(2) and moves to dismiss the petition to quash.

### DISCUSSION

Sections 7602 through 7609 of the Internal Revenue Code govern the procedure applicable to issuance, compliance, enforcement, and challenges of summonses, among other things. Particularly relevant to this case are Section 7602, which provides generally for examinations of records, summonses of people and documents and taking of testimony, and Section 7609, which governs third-party summonses. These two sections dovetail in that section 7602 is a broad grant of authority that applies to *all* summonses issued as part of an investigation of tax liability, while section 7609 applies only to a special category of summonses. That special category is described as third-party recordkeeper summonses, and applies to a variety of institutions, typically financial institutions, which keep records of client or customer transactions which are, or could be, of interest to the IRS in the context of an audit. Section 7609 is a detailed description of the procedures which apply to, and rights created by, issuance of such summonses. However, while it is possible for a summons to fall within the ambit of section 7609, there are several exceptions which circumscribe the procedural requirements and limit the rights otherwise created by the section. In the instant case, Lehman Holding is the named taxpayer whose tax liability is under investigation. At the

same time, its subsidiary, Lehman Trading, has been served with a summons calling for production of third-party records. Lehman Holding is acknowledged to be a third-party recordkeeper within the meaning of § 7609(a)(3)(D) because it is a "broker" (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. § 78c(a)(4)). The petitioners in this case, the individuals whose trading records are sought by the summonses, assert that they have the right to proceed to quash pursuant to § 7609(b)(2), which gives that right to "any person who is entitled to notice of a summons under subsection (a)." Subsection (a)(1) of section 7609 provides, in relevant part, that

> [i]f any summons described in subsection (c) is served on any person who is a third-party recordkeeper, and the summons requires the production of any portion of records made or kept of the business transactions or affairs of any person (other than the person summoned) who is identified in the description of the records contained in the summons, then notice of the summons shall be given to any person so identified. . . .

Since the summonses in question in this case were served on a person within the statutory definition of a third-party recordkeeper and required production of records of business transactions of people, other than the person summoned, and those people were identified in the description of the records contained in the summons, it appears that the summonses served by the IRS on Lehman Trading were within the notice requirement of § 7609(a). However, subsection (a)(4)(A) of section 7609 specifically excepts from the notice requirements of subsection (a)(1) any summons "served on the person with respect to whose liability the summons is issued, or any officer or employee of such person." If the sum-

monses in question come within the (a)(4)(A) exception to the notice provision of (a)(1), then the petitioners are outside the entitlement of subsection (b)(2), and do not have the right to proceed to quash the summonses. The initial question, then, is whether the summonses in question were served on the person with respect to whose liability the summonses were issued, or any officer or employee of such person.

■ The summonses served on Lehman Trading and Ronald Gallatin, a vice-president of Lehman Holding, identify Lehman Holding as the person whose tax liability is under investigation. The summons served on Gallatin is within section 7609(a)(4)(A) since he is an employee of Lehman Holding; therefore, the taxpayer-petitioners were not entitled to notice of that summons * and have no rights under the Code to object to compliance therewith, as discussed *supra*. Their motion to quash that summons is consequently denied.

■ The interlocking of the third-party recordkeeper summons provisions and the consolidated returns provisions have not previously been addressed in either the District or Tax Courts. Section 7602 of the Code provides, in relevant part, that

> [f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . the Secretary is authorized (1) [t]o examine any books, papers, records, or other data which may be relevant or material to such inquiry; [and] (2) [t]o summon the person liable for tax . . . to appear before the Secretary at a time and place named in the summons, and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry . . .

* Petitioners argue that because they were in fact given notice of the pendency of the summonses, they were legally entitled to such notice and therefore were also vested with the right to object as provided in section 7609. This kind of inverse reasoning overlooks the clear wording of the Code. Under the statute, the right to object is vested in a person who is entitled to notice. If the person whose records are sought is not entitled to notice because an exception to the notice requirement applies, then that person has no right to object pursuant to the Code. Whether the person in question was given notice, and why, is irrelevant if there was no right to receive notice.

In this case, the avowed purpose of the IRS is to determine the correctness of the consolidated federal income tax returns filed by Lehman Holding for tax years 1976 and 1977, and to ascertain the correct federal income tax liability of Lehman Holding for those years. Declaration of Revenue Agent James R. Borowski, ¶ 2. Pursuant to section 1.1502–6(a) of the Treasury Regulations, 26 C.F.R. § 1.1502–6(a) (1966), "the common parent corporation *and each subsidiary* which was a member of the group during any part of the consolidated return year *shall be severally liable for the tax for such year ...*" (emphasis added). *See also Turnbull v. Commissioner*, 373 F.2d 91, 94 (5th Cir.) *cert. den.* 389 U.S. 842, 88 S.Ct. 72, 19 L.Ed.2d 105 (1967); *Globe Products Corp. v. Commissioner*, 72 T.C. 609, 617–9 (1979). It follows, then, that an investigation into the tax liability of Lehman Holding is also an investigation into the tax liability of Lehman Trading for those years in which a consolidated return was filed by Holding as parent corporation and Trading as a subsidiary. It also follows from the several liability of subsidiaries for the taxes that a summons served on Lehman Trading is "served on the person with respect to whose liability the summons is issued," 26 U.S.C. § 7609(a)(4)(A), notwithstanding the fact that Lehman Holding was named as the taxpayer. Naming Lehman Holding as the taxpayer did not and does not free Lehman Trading from liability for any taxes which might be found to be owing. Furthermore, section 7609 does not require that the summons *name* the person whose tax liability is in question; rather, the requirement is that the summons be *served* on the person liable for the tax. That construction appears to apply to this situation, where the parent corporation is the named party but the subsidiary is severally liable for any taxes owed and is served with the summons. It is my conclusion, therefore, that the summons served on Lehman Trading was served on the person with respect to whose liability it was issued, and that therefore the petitioners are without the right to object to compliance with the summons. Furthermore, since petitioners were not en-

titled to receive notice of the summonses for the reasons discussed above, this Court is without jurisdiction to hear this matter. 26 U.S.C. § 7609(h)(1). Therefore, with the exception of the cross-applications for attorney's fees, I do not reach the other arguments put forth by petitioners.

It bears noting that this is a case of first impression and that the position of the petitioners was hardly without colorable merit given the ambiguity of the relevant sections of the Code and the Treasury Regulations. Nor is there any reason to believe that the petition was made for an improper purpose or in bad faith given the ambiguity of the law and the interest of the petitioners in maintaining the confidentiality of these records. Finally, given my holding in this case, the position of the IRS is neither without basis in fact or law nor is it part of an illegitimate investigation of petitioners' tax liability. Therefore, it is hereby

ORDERED that the petition to quash the summonses is DENIED, the motion to dismiss the petition is GRANTED and the cross-applications for an award of attorney's fees and costs is DENIED.

SO ORDERED.