Alexander ABRAHAM, James R. Abraham, Miriam Abraham, Otto Abraham Trust, Peter DeHaas, Frederick Frank, Arthur Fried, Meryl Gallatin, Evelyn Gollomp, Fred Graber, Edmond A. Hajim, F. Warren Hellman, George Heyman, Jr., Allan B. Hunter, Bernard Laterman, David Leinbach, Arthur Magill, Paul Manheim, William H. Osborn, Andrew G.C. Sage, William Taft, Stuart Travis, Arthur Weigner, Sidney Winters, Petitioners-Appellants.

v.

UNITED STATES of America and James R. Borowski, Respondents-Appellees.

No. 1442, Docket 84–6101.

United States Court of Appeals, Second Circuit.

Argued July 16, 1984.

Decided July 18, 1984.

Stephen D. Gardner, New York City (John Hartje, Ann-Elizabeth Purintun, Kronish, Lieb, Shainswit, Weiner & Hellman, New York City, on brief), for petitioners-appellants.

Gerald T. Ford, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., Leona Sharpe Chamberlin, Asst. U.S. Atty., New York City, on brief), for respondents-appellees.

Before NEWMAN and PRATT, Circuit Judges, and KELLEHER, District Judge.*

PER CURIAM:

This is an appeal from a judgment of the District Court for the Southern Dis-

* The Honorable Robert J. Kelleher of the United States District Court for the Central District of California, sitting by designation.

trict of New York (Shirley Wohl Kram, Judge), dismissing a petition to quash two summonses issued by the Internal Revenue Service. The summonses were served upon Lehman Brothers Kuhn Loeb Inc. ("Lehman Trading") in connection with an audit of the tax liability of its corporate parent, Lehman Brothers Kuhn Loeb Holding Co. ("Lehman Holding"). The petition to quash is filed on behalf of 24 directors and customers of Lehman Trading. The District Court dismissed the petition for lack of subject matter jurisdiction, construing 26 U.S.C. § 7609 (a)(4)(A) literally to mean, as it says, that the provisions of section 7609(a)(1), providing for notice and an opportunity to challenge a summons issued to a third-party record-keeper, are inapplicable to a summons served "on the person with respect to whose liability the summons is issued" and that an investigation into the tax liability of Lehman Holding is an investigation into the tax liability of Lehman Trading since Lehman Holding filed a consolidated return, 26 C.F.R. § 1–1502–6(a) (1966).

We affirm on the well-reasoned decision of the District Court. 582 F.Supp. 257.

Before KEITH and MERRITT, Circuit Judges, and WISEMAN, District Judge.*