Richard D. REED and Julia Ann Reed, Petitioners,

v.

UNITED STATES of America, Respondent.

No. C–2–83–1396.

United States District Court, S.D. Ohio, E.D.

May 30, 1984.

Richard D. Reed, pro se.

Matthew Yackshaw, Tax Div., Dept. of Justice, Washington, D.C., for respondent.

## OPINION AND ORDER

DUNCAN, District Judge.

This matter is before the Court on petition of Richard D. Reed and Julia Ann Reed to quash Internal Revenue Service (I.R.S.) summonses issued for certain financial records under the care, custody or control of Huntington National Bank, Capital Financial Services, Inc. and Ohio Federal Savings and Loan d/b/a Mid-American Federal. The respondent, the United States of America, moves the Court to deny the requested relief and to enforce the I.R.S. summonses.

Petitioners argue that pursuant to the Handbook for Special Agents, Manual Supplement 9G–93, § 445.3, "Criminal Investigation Division Procedures in Tax Protester-Type Cases," they have been singled out by the I.R.S. for exercising their First Amendment rights of free speech and association. They argue that this assumption of guilt is obvious bad faith on the part of the I.R.S. and is a defense to the enforcement of these three summonses. Petitioners argue that the administrative summons cannot be used for the purpose of a criminal investigation without violating their Fourth and Fifth Amendment rights.

In the alternative, petitioners move the Court to order an *in camera* inspection of their financial records to protect their Fourth and Fifth Amendment rights, or a grant of immunity, or for a show cause hearing during which they could discover the United States' case against them.

A hearing in this matter was held on March 26, 1984. At that time the Court found that it had jurisdiction over the person both of Richard and Julia Reed. The

Court further found that the I.R.S. had jurisdiction over the Reeds. In addition, the Court found that there is no conflict in the evidence, that the information sought by the I.R.S. is relevant and that the procedural aspects of the investigation seem to be in order. The Court indicated that it did not believe the planned action of the I.R.S. abridges the petitioners' First, Fourth or Fifth Amendment rights. Upon his request, the Court permitted Mr. Reed to prepare a post-trial brief concerning the applicability to the instant controversy of the Tax Equity and Fiscal Responsibility Act of 1982 (T.E.F.R.A.), I.R.C. § 7602.

For the reasons set forth below, the petition to quash the three administrative summonses and all other requested relief is denied. The United States' motion to enforce the summonses is granted.

In their post-trial memorandum, petitioners advance the following arguments with respect to the constitutionality of T.E.F.R.A. First, that the provisions of I.R.C. § 7602(b) and (c) are overly broad and unconstitutionally vague. Second, that T.E.F.R.A. is a blend of civil and criminal statutes rendering it a criminal statute. Third, that I.R.C. §§ 7601–7610 "cannot be construed to apply to petitioner with respect to the enforcement of I.R.S. summonses concerning records in connection with petitioners' alleged income tax liabilities." Essentially, this is an argument that the Internal Revenue Code does not apply to individual citizens and, moreover, the fact that agents are authorized to investigate does not mean that the citizen is required to permit the seizure of his records. Petitioners' arguments are not well taken.

■ Petitioners' first argument is that I.R.C. § 7602 is vague and overly broad. I.R.C. § 7602(b) provides that "[t]he purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws." Section 7602(c) limits the use of an administrative summons to cases in which there has not been

a referral to the Justice Department. Petitioner asserts that subsections 7602(b) and (c) "illegally attempt to enlarge the I.R.S. summons power by allowing the issuance of a summons for the purpose of inquiring into *any offense* ..." (emphasis added) and that the administrative summons power was never intended to include the gathering of general information for use in criminal proceedings.

■ Section 7602 does not create any new offense nor is its purpose to limit the scope of any of the petitioners' activities. This section identifies the circumstances under which the I.R.S. is to investigate a taxpayer's return or his or her failure to file. A challenge that a statute fails due to overbreadth is essentially an argument that in an effort to control impermissible conduct, the statute also prohibits conduct which is constitutionally permissible. An overbreadth analysis may be used to determine if a statute proscribes activities which constitute the exercise of protected expressive or associational rights as well as those activities within the allowable area of government control. *Grayned v. Rockford*, 408 U.S. 104, 115, 92 S.Ct. 2294, 2302, 33 L.Ed.2d 222 (1972); *see Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 494–495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982). (If an enactment does not reach a substantial amount of constitutionally protected conduct, then the overbreadth challenge must fail.) *Thornhill v. Alabama*, 310 U.S. 88, 97, 60 S.Ct. 736, 741, 84 L.Ed. 1093 (1940). Section 7602 does not limit or in any way proscribe any activity on the part of petitioners. Since it does not seek to proscribe conduct of any kind, the Court finds that a challenge for overbreadth is without merit.

■ A statute may be unconstitutionally vague if persons "of common intelligence must guess as to its meaning and differ as to its application." *Connally v. General Construction Company*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). Stated another way, in determining whether a statute is void for vagueness it is necessary to decide whether an "ordi-

nary person exercising ordinary common sense can sufficiently understand and comply with ..." the law as written. *Civil Service Commission v. National Ass'n of Letter Carriers*, 413 U.S. 548, 579, 93 S.Ct. 2880, 2897, 37 L.Ed.2d 796 (1973). *See also Hoffman Estates, supra*, 455 U.S. at 495, 102 S.Ct. at 1191. As stated above, the reference to "any offense" in § 7602(b) does not establish a new crime or area of prohibited activity but merely clarifies the scope of the I.R.S. administrative summons. The crimes or offenses which may serve as bases for investigation are enumerated elsewhere in the Code; for example, I.R.C. §§ 7201–7274. These sections place a person of common intelligence exercising common sense on notice as to what activities are prohibited by the Internal Revenue Code. Section 7602(b) puts the taxpayer on notice that the administrative summons may be used to investigate possible violations of those sections as well as for the purposes enumerated in § 7602(a)(1), (2) and (3). Section 7602 is not void for vagueness.

■ The addition, § 7602(b) does not give the I.R.S. authority to issue an administrative summons for the purpose of investigating general criminal activity. In order to enforce the summons, the United States is still required to show that it was issued for a legitimate purpose; *i.e.*, in connection with possible violations of the Revenue Code. The information sought must be relevant to this legitimate purpose, it must not already be in the possession of the I.R.S., and the I.R.S. must be able to show that appropriate administrative steps have been followed. *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964); *see United States v. LaSalle National Bank*, 437 U.S. 298, 313–314, 98 S.Ct. 2357, 2365–2366, 57 L.Ed.2d 221 (1978); *United States v. Lask*, 703 F.2d 293 (8th Cir.1983); and *United States v. Will*, 671 F.2d 963, 966 (6th Cir.1982). Moreover, the summons power is limited by § 7602(c) which prohibits the issuance of an administrative summons if the matter has been referred to the Department of Justice.

Section 7602(c) is quite explicit in defining when a case has or has not been referred. The requirement of judicial enforcement serves to ensure that the administrative summons power will not be extended to general criminal activity.

The Court finds that petitioners' arguments that the Internal Revenue Code has no application to individual citizens and that the I.R.S. authority to investigate does not permit it to obtain petitioners' financial records from enumerated third parties have no merit and are without support in the law.

The United States has moved this Court to enforce the administrative summonses issued in this case. The Court finds that the United States through affidavit of Ross H. Brown, special agent of the Criminal Investigation Division of the I.R.S., has established that the summonses were issued for a legitimate purpose; that the information sought was relevant to that purpose; that the data is not already in the hands of the I.R.S.; and that the appropriate administrative steps have been followed. *Powell, supra,* 379 U.S. at 57–58, 85 S.Ct. at 254–255; *LaSalle, supra,* 437 U.S. at 313–314, 98 S.Ct. at 2365–2366; *Will, supra.*

The petitioners have been unable to meet the heavy burden of either disproving one of the above elements of the government's *prima facie* showing of validity or of showing that judicial enforcement of the summonses would be an abuse of process. *See, LaSalle, supra,* at 317, 98 S.Ct. at 2367; *Lask, supra,* at 297. The fact that petitioners are classified as "illegal tax protesters" in the agents' handbook is not equivalent to a showing of bad faith. In the face of a similar challenge based on this directive, the Eighth Circuit stated that

> We believe appellants' argument confuses the decision to investigate with the decision to prosecute and would deny the IRS the right to investigate any case which it preliminarily determined was worthy of investigation. Our further review of M.S. 9G–93 reveals that it evidences no institutional commitment to

prosecute prior to District Counsel's decision to recommend prosecution to Department of Justice.

*United States v. Pillsbury Credit Union,* 661 F.2d 1195 at 1197.

Accordingly, the petition to quash the subpoena is DENIED. The United States' motion to enforce the three I.R.S. summonses the subjects of this petition is GRANTED. The United States' motion for costs is GRANTED; its request for reasonable attorney's fees is DENIED.