David L. O'NEAL and Connie L.
O'Neal, Petitioners,

v.

UNITED STATES of America, Steven
Weida and Phillip Clelland, Agents, Internal Revenue Service, and Internal
Revenue Service, Respondents.

Civ. No. F 84–191.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Jan. 30, 1985.

David L. O'Neal, petitioner, pro se.

Peter Sklarew, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., David H. Miller, Asst. U.S. Atty., Fort Wayne, Ind., for respondents.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on respondents' motion to dismiss the petition to quash an Internal Revenue Service ("IRS") summons issued to the General Telephone Company ("GTE"). For the following reasons, the motion to dismiss will be granted.

Petitioners are proceeding *pro se.* *Pro se* pleadings are to be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The district court's role is to ensure that the claims of *pro se* litigants are given "fair and meaningful consideration." *Matzker v. Herr,* 748 F.2d 1142 at 1146 (7th Cir. 1984); *Caruth v. Pinkney,* 683 F.2d 1044, 1050 (7th Cir.1982). This court also recognizes that federal courts have historically exercised great tolerance to ensure that an impartial forum remains available to plaintiffs invoking the jurisdiction of the court without the guidance of trained counsel. *Pro se* motions and petitions such as the petitioners' are held to less stringent pleading requirements; rigor in the examination of such motions, petitions and pleadings is inappropriate.

The facts of this case appear to be as follows. On May 11, 1984, the IRS issued a summons to GTE requesting the production of

All books and records, which include information relative to the installation, subscriber credit reports, payment records, location and number of telephones and toll records for all telephone service at 506 North Posey Street, Windfall, Indiana 46076 (317) 945–7698.

The toll records are requested for the six month period prior to the service of this summons. It is also requested that the telephone numbers on the toll records be

identified as to the name and address of the subscriber.

The address and phone number listed in the summons belong to the petitioners ("O'Neals"). The O'Neals claim that they are members of the Constitutional Rights Protection Association ("CRPA") which is a group of "like-minded individuals [who] have been outspoken, but legal critics of the tyranny, abuse and infringement of the First Amendment Rights of Individuals *commonly* practiced by agents of [the] Internal Revenue Service." Complaint, ¶ 6.3 (emphasis in the original). The O'Neals believe that the summons was issued "for the sole and improper purpose of obtaining a list or partial list of 'possible' members of the [CRPA], so that the I.R.S. can then selectively harass and intimidate individual members or people they suspect may be members of the [CRPA]," *id.* at ¶ 6.5, as the phone at the number listed in the summons has been used for CRPA purposes. Disclosure of the members' names would have a chilling effect on the first amendment rights of the CRPA members. The O'Neals therefore seek to quash the summons.

The respondents have moved to dismiss the petition to quash, contending that the O'Neals have failed to allege the necessary elements of a first amendment claim. It is this motion to dismiss which the court now addresses.

■ Although the respondents have characterized their motion as a motion to dismiss, it is clear that the issues presented by this motion are best addressed after reference is made to the exhibits and other pleadings in this case. When matters outside the pleadings are presented to and not excluded by the court, a motion to dismiss will be converted into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* F.R.Civ.P. 12(b).

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may only be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affida-vits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, summary judgment serves as a vehicle with which the court "can determine whether further exploration of the facts is necessary." *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975).

In making this determination, the court must keep in mind that the entry of summary judgment terminates the litigation, or an aspect thereof, and must draw all inferences from the established or asserted facts in favor of the non-moving party. *Peoples Outfitting Co. v. General Electric Credit Corp.,* 549 F.2d 42 (7th Cir.1977). A party may not rest on the mere allegations of his pleadings or the bare contention that an issue of fact exists. *Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). *See also Atchison, Topeka & Santa Fe Railway Co. v. United Transportation Union,* 734 F.2d 317 (7th Cir.1984); *Korf v. Ball State University,* 726 F.2d 1222 (7th Cir.1983). *See generally* C. Wright, *Law of Federal Courts,* § 99 (4th ed. 1983); 6 *Moore's Federal Practice,* § 56.15 (2d ed. 1984).

■ Thus, the moving party must demonstrate the absence of a genuine issue of material fact. The court views all evidence submitted in favor of the non-moving party. Even if there are some disputed facts, where the undisputed facts are the material facts involved and those facts show one party is entitled to judgment as a matter of law, summary judgment is appropriate. *Egger v. Phillips,* 710 F.2d 292, 296–97 (7th Cir.1983); *Collins v. American Optometric Assn.,* 693 F.2d 636, 639 (7th Cir.1982). Further, if the court resolves all factual disputes in favor of the non-moving party and still finds summary judgment in favor of the moving party is correct as a matter of law, then the moving party is entitled to summary judgment in his favor. *Egger,* 710 F.2d at 297. *See also Bishop v. Wood,*

426 U.S. 341, 348, 348 n. 11, 96 S.Ct. 2074, 2079, 2079 n. 11, 48 L.Ed.2d 684 (1976).

With these principles in mind, the court turns to the question of whether the O'Neals' assertion of a chilling of CRPA members' first amendment rights can withstand the motion for summary judgment in light of the facts presented.

The power to issue IRS summonses is governed by chapter 78 of the Internal Revenue Code of 1954, 26 U.S.C. §§ 7601–7609. In 26 U.S.C. § 7601, the Code imposes a duty on the Secretary of the Treasury to "inquire after and concerning all persons ... who may be liable to pay any internal revenue tax." Pursuant to that duty, § 7602 provides that

> For the purpose of ascertaining the correctness of any return, making a return where none is made, determining the liability of any person for any internal revenue tax ... or collecting any such liability, the Secretary or his delegate is authorized—
>
> (1) To examine any books, papers, records, or other data which may be relevant to such inquiry;
>
> (2) To summon ... any ... person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data ... as may be relevant or material to such inquiry....

According to the respondents' memoranda, GTE stands ready and willing to comply with the summons, pending this court's determination of the validity of the petition to quash. Thus, the court does not perceive the issue in this case to be whether the statutory provisions for issuance of an IRS summons have been followed.[1] The O'Neals do not seriously contest the ability of the IRS to subpoena telephone records in most cases. Rather, the issue here is whether a properly issued IRS summons may be quashed when it is alleged to chill the first amendment associational rights of CRPA members.

■ The first amendment right to freedom of association has been recognized in a long line of Supreme Court cases beginning with *NAACP v. Alabama,* 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958). Since that seminal case, the Court has "repeatedly found that compelled disclosure [of membership lists], in itself, can seriously infringe on privacy of association and belief guaranteed by the First Amendment." *Buckley v. Valeo,* 424 U.S. 1, 64, 96 S.Ct. 612, 656, 46 L.Ed.2d 659 (1976). Thus, in order to justify a compelled disclosure, the interests of the state in seeking such disclosure must bear a "relevant correlation," *Bates v. City of Little Rock,* 361 U.S. 516, 525, 80 S.Ct. 412, 417, 4 L.Ed.2d 480 (1960), or a "substantial relation," *Gibson v. Florida Legislative Comm.,* 372 U.S. 539, 546, 83 S.Ct. 889, 893, 9 L.Ed.2d 929 (1963), to the information required to be disclosed. Despite this strict test, "we have acknowledged that there are governmental interests sufficiently important to outweigh the

---

**1.** The O'Neals, in their memorandum opposing the motion to dismiss, allege that the four-part test of *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), has not been met. However, *Powell* established the four-part standard (that the investigation will be conducted pursuant to a legitimate purpose; that the inquiry may be relevant to that purpose; that the information sought is not already in the Commissioner's possession; and that the administrative steps required by the Code have been followed) as the prima facie case the government must prove in a summons *enforcement* proceeding under 26 U.S.C. § 7604. As this case involves a challenge to the issuance of a summons under 26 U.S.C. § 7602, *Powell* is not directly applicable, although some courts have

stated that the IRS must exhibit good faith throughout the summons process. *See United States v. LaSalle Bank,* 437 U.S. 298, 318, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221 (1978); *United States v. Grayson County State Bank,* 656 F.2d 1070, 1073 (5th Cir.1981), *cert. denied,* 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 460 (1982). However, the O'Neals' argument suggesting a lack of good faith is simply the first amendment claim; thus, the analysis of whether the summons was issued in good faith pursuant to *Powell* and *LaSalle Bank* centers on whether the summons was issued to obtain the CRPA membership list in violation of the first amendment. The court therefore implicitly answers the question of good faith under *Powell* by examining the merit of the first amendment claim.

possibility of infringement, particularly when the 'free functioning of our national institutions' is involved." *Buckley,* 424 U.S. at 66, 96 S.Ct. at 657, *quoting Communist Party v. Subversive Activities Control Board,* 367 U.S. 1, 97, 81 S.Ct. 1357, 1411, 61 L.Ed.2d 625 (1961).

■ However, this strict test is not to be applied in every case of alleged infringement of associational rights. Rather, a plaintiff must make a showing of a demonstrable injury. In *NAACP v. Alabama,* for example, the NAACP "made an uncontroverted showing that on past occasions revelation of the identity of its rank-and-file members [had] exposed these members to economic reprisals, loss of employment, threat of physical coercion, and other manifestations of public hostility." 357 U.S. at 462, 78 S.Ct. at 1172. In *Bates v. City of Little Rock,* 361 U.S. 516, 80 S.Ct. 412, 4 L.Ed.2d 480 (1960), the Court cited to "substantial uncontroverted evidence that public identification of persons in the community as members of the organization had been followed by harassment and threats of bodily harm. There was also evidence that fear of community hostility and economic reprisals that would follow public disclosure of the membership lists had discouraged new members from joining the organizations and induced former members to withdraw." *Id.* at 524, 80 S.Ct. at 417. These uncontroverted findings of harassment and withdrawal or discouragement of membership supported freedom of association claims, while "highly speculative" claims of infringement would not. *Buckley,* 424 U.S. at 69–70, 96 S.Ct. at 659.

■ Thus, the elements of a first amendment freedom of association claim are twofold: plaintiff must show (1) a compelled disclosure of the association's membership list;[2] and (2) a factual showing of harassment, membership withdrawal or discouragement of new members, or other conse-

quences which objectively suggest an impact (or "chilling") on the members' associational rights. This is often called "the prima facie case for an arguable first amendment claim." The government may then attempt to point out the substantial relationship between the government interest in seeking the information and the information sought. If such a relationship is proven, the court must then balance between the government's and plaintiff's interests.

## Compelled Disclosure

■ The court finds that the O'Neals have failed to prove the element of a compelled disclosure. The summons at issue is not a request for a list of all CRPA members; it simply requests the names and addresses of the people called from the O'Neal residence. While the names of some CRPA members may be revealed incidentally, there is no suggestion that all of the members' names will be revealed. Further, the summons involved here seeks the names of people who are not members, as the O'Neals have never contended that their phone is used *exclusively* for CRPA business. The summons seeks to discover all persons who may have information pertaining to the O'Neals' tax liability. The indirect disclosure of members which such a neutral request may occasion is a far cry from the laws mandating the revelation of membership lists or names which were struck down in *NAACP v. Alabama* and *Bates v. Little Rock.*

A second distinction which mitigates against a finding of compelled disclosure is that the summons is directed to GTE in order to obtain records about two individuals—the O'Neals—and not about the CRPA. The summons does not contain a request for a membership list, nor can the neutral nature of the summons be con-

---

**2.** Although no court has specifically cited compelled disclosure as an element of a first amendment claim, as freedom of association may be violated in ways other than compelled disclosure of membership lists, the court nevertheless separates out this aspect of *Bates* and *NAACP v.*

*Alabama* because of the peculiar nature of this case. The O'Neals contend that the IRS summons will expose the names of CRPA's members. It seems logical in this instance to require the O'Neals to show that in fact the CRPA membership list will be disclosed.

strued as such a request. This distinction is crucial, for the cases seem uniform in holding that, while an IRS summons of a tax reform organization's records might produce a "readily apparent" chilling effect, *see United States v. Grayson County State Bank,* 656 F.2d 1070, 1074 (5th Cir. 1981), *cert. denied,* 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 460 (1982), a summons directed to records of individual taxpayers do not directly implicate the associational rights of the organization's members absent a factual showing of infringement. *See Kroll v. United States,* 573 F.Supp. 982, 987 (N.D.Ind.1983) (tax organization); *Voss v. United States,* 573 F.Supp. 957, 961–62 (D.Colo.1983) (tax organization); *United States v. Meininger,* 101 F.R.D. 700, 703, 703 n. 7 (D.Neb.1984) (tax organization). *Cf. United States v. Manufacturers Bank of Southfield,* 518 F.Supp. 495, 498 (E.D.Mich.1981), *remanded,* 709 F.2d 1511 (6th Cir.1983) (church).

The O'Neals argue that the investigation of their liability is merely an IRS guise for obtaining the names of other CRPA members so that the IRS can then begin harassing them. However, such an argument was specifically rejected in *Voss.* Nor does the admission by Special Agent Weida, in his declaration filed in *David L. O'Neal v. United States of America,* No. IP–83–1845 C (S.D.Ind.), prove this intent to harass. That case involves a similar petition to quash an IRS summons directed to the Union State Bank to produce records of a bank account maintained by David O'Neal in the name of CRPA. Agent Weida declared that the bank records "will disclose the names of various members or other persons affiliated with the CRPA who may be able to provide testimony and further information on the relationship between [O'Neal] and the CRPA ... and specifically whether [O'Neal] derived any income directly or indirectly from or through the CRPA during these periods." That declaration does not indicate an intent to harass the members as to their own tax liabilities, but simply to seek out sources of information concerning the O'Neals' income. The summons to GTE is similarly designed to

discover information about the O'Neals, which is completely consistent with the purposes of 26 U.S.C. § 7602. The fact that some CRPA members' names may be revealed by such discovery does not constitute compelled disclosure of the CRPA's membership list.

*Requisite Factual Showing*

 Even if the incidental revelation of some CRPA members could constitute a compelled disclosure of CRPA's membership list so as to satisfy the first element of a first amendment claim, petitioners completely fail to show the factual basis for a fear of a chilling of CRPA members' rights. As was noted earlier, the *NAACP v. Alabama* and *Bates* cases involved uncontroverted factual assertions of harassment, threats, withdrawal from the organization, and reductions in new membership or fund-raising activities. The case law involving first amendment claims against IRS summonses is unanimous in requiring factual assertions detailing the adverse effects of the summons in order to constitute a prima facie showing of arguable first amendment infringement. *See In re First National Bank, Englewood, Colo.,* 701 F.2d 115 (10th Cir.1983); *United States v. Citizens State Bank,* 612 F.2d 1091, 1094 (8th Cir.1980); *United States v. The Freedom Church,* 613 F.2d 316, 320 (1st Cir. 1979); *Voss v. United States,* 573 F.Supp. at 961–62; *United States v. Manufacturers Bank of Southfield,* 518 F.Supp. at 498. The proof offered must be "objective"—an allegation of "apprehension," *Manufacturers Bank,* 518 F.Supp. at 498, or subjective deterrence of membership or contribution, *id.; see also Buckley v. Valeo,* 424 U.S. at 71–72, 96 S.Ct. at 659–60, is not sufficient to meet this burden. Further, "the mere possibility of an IRS investigation or audit is not the sort of harm which would preclude disclosure of membership lists." *Manufacturers Bank,* 518 F.Supp. at 498. However, affidavits from members detailing adverse effects of the summons on the organization's activities *may* be enough. *See In re First National*

*Bank,* 701 F.2d at 118; *Citizens State Bank,* 612 F.2d at 1094.

Here, the O'Neals have failed to present sufficient objective facts to justify a finding that an infringement of CRPA member associational rights might arguably occur if the summoned information is provided to the IRS. The sum total of the allegations is an affidavit signed by the O'Neals stating that "the summons directed to General Telephone Company will destroy the free exchange of ideas by and between the members of the CRPA," and the various statements in the complaint and in the memorandum in opposition to the motion to dismiss.[3] These allegations are insufficient for at least two reasons. First, they are conclusory and do not detail in any way how the summons has actually impacted (or threatens to impact) on CRPA activities. These claims lack the specificity of the claims in *Bates* and *NAACP v. Alabama.* Second, the allegations were made exclusively by the O'Neals, who cannot possibly have personal knowledge of what other members of CRPA or potential members might feel or think in light of the summons. Thus, the O'Neals have failed to prove the requisite factual basis necessary for establishing a prima facie first amendment violation.

**3.** Some of these statements are: "Compelled disclosure of the names and addresses of all toll records (which the summons seeks) will have a chilling effect on the *rights* of [CRPA] members," Complaint, ¶ 7.2; "exposing these telephone callers to IRS scrutiny will chill the members cherished First Amendment rights," Memorandum, p. 2; "compelled disclosure ... would expose [CRPA] members to harassment by government officials ... and similar reprisals from private persons who might disapprove of or actively oppose [CRPA] purposes," Memorandum, p. 6; "[CRPA] will not be able to attract new members, much less retain existing ones, if the price is unwanted, unwelcome, and unjustified exposure," Memorandum, p. 7.

**4.** Because the O'Neals have failed to prove their prima facie case, this court need not require the government to point out the substantial relationship between its interest and the information sought. However, the compelling interest of the government is readily apparent. As the Supreme Court stated in *Bull v. United States,* 295 U.S. 247, 259, 55 S.Ct. 695, 699, 55 L.Ed.2d

In summary, then, the O'Neals have failed to show either of the elements of a first amendment claim. They have failed to establish that the IRS summons constitutes a compelled disclosure of the CRPA membership list, and have failed to show that disclosure of the information requested will in fact result in a chilling of first amendment associational rights. Having failed to establish their prima facie burden of proof, the O'Neals cannot demand that the government establish a compelling need for the information requested.[4] The first amendment grounds for the petition to quash fail.

■ The O'Neals make two other allegations in their memorandum in opposition which need only brief discussion. The first involves a claim that this summons violates the fourth amendment's prohibitions against unreasonable searches and seizures because it is merely a "fishing expedition" into the papers of the O'Neals and CRPA. First, the court finds that the government has a legitimate interest in seeking the information requested, as it will help to determine the O'Neals' tax liability. Thus, it is not a "fishing expedition." Second, the case law cited by the O'Neals, involving four very old cases of the Supreme Court,[5]

695 (1935), "taxes are the lifeblood of government." The collection of taxes is an essential part of the process of keeping that lifeblood flowing, and is thus a governmental interest "sufficiently important to outweigh the possibility of infringement [of first amendment rights], particularly when the 'free function of our natural institution' is involved." *Buckley,* 424 U.S. at 66, 96 S.Ct. at 657, *quoting Communist Party v. Subversive Activities Control Board,* 367 U.S. 1, 97, 81 S.Ct. 1357, 1411, 61 L.Ed.2d 625 (1961). Seeking information on the O'Neals' tax liability via a summons to GTE is substantially and directly related to the compelling government interest in collecting taxes. Weighed against the lack of any factual showing of a chilling effect, the government interest would clearly prevail.

**5.** The O'Neals cite *United States v. Louisville and Nashville R. Co.,* 236 U.S. 318, 35 S.Ct. 363, 59 L.Ed. 598 (1915); *Harriman v. I.C.C.,* 211 U.S. 407, 29 S.Ct. 115, 53 L.Ed. 253 (1908); *I.C.C. v. Brimson,* 154 U.S. 447, 14 S.Ct. 1125, 38 L.Ed. 1047 (1894); *United States v. Lee,* 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171 (1882).

is inapplicable and unpersuasive. Congress has specifically authorized the issuance of IRS summons in 26 U.S.C. § 7602, and the issuance of this summons was consistent with relevant statutory and constitutional provisions.[6]

 The second claim is that this summons was not issued in accordance with administrative procedure required by the Code (the fourth part of the *Powell* test). The rationale behind this argument is that, because the real purpose behind the summons is to obtain the names of CRPA members, the IRS should have issued a "John Doe" summons pursuant to 26 U.S.C. § 7609(f). The court notes that this summons does not appear to fall under § 7609(f), as it specifically identifies David L. O'Neal as the person who is being investigated, and thus is not a summons which "does not identify the person with respect to whose liability the summons is issued." 26 U.S.C. § 7609(f). At least two courts agree that a summons in connection with the investigation of a named taxpayer does not need to follow the "John Doe" summons procedures of § 7609(f), even if the summons has the further effect of discovering information that would aid in identifying unnamed taxpayers and investigating their tax liabilities. *See United States v. Tiffany Fine Arts, Inc.*, 718 F.2d 7, 12–14 (2d Cir.1983), *affd.*, — U.S. —, 105 S.Ct. 725, 83 L.Ed.3d 678 (1985); *United States v. Barter Systems, Inc.*, 694 F.2d 163 (8th Cir.1982). A similar position was adopted by the Eleventh Circuit in *United States v. Gottlieb*, 712 F.2d 1363, 1369 (11th Cir.1983). In light of this precedent, the court is not persuaded by, and specifically rejects, the rationale of *United States v. Thompson*, 701 F.2d 1175 (6th Cir.1983), cited by the O'Neals.

Thus, the O'Neals have failed to present a petition to quash which has any merit. The motion to dismiss will be converted into a motion for summary judgment, and will be granted in its entirety.

### Conclusion

For the reasons stated above, the converted motion to dismiss is hereby GRANTED.

---

6. The respondents cite to *United States v. Miller,* 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976), where the Court held that a bank depositor had no fourth amendment interest in bank records relating to his account. There the Court stated that "this Court has repeatedly held that the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities," so that "the issuance of a subpoena to a third party does not violate the rights" of the subject to the records (in *Miller,* the bank depositor). *Id.* at 433–34, 96 S.Ct. at 1624. The court finds this authority persuasive and applicable here by analogy.