**Rachel TEMPLETON, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**No. S 85–0457.**

United States District Court,
N.D. Indiana,
South Bend Division.

Dec. 19, 1985.

Rachel Templeton, pro se.

David Kreider, Asst. U.S. Atty., South Bend, Ind., Michael J. Martineau, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is before the Court on the defendant's, Internal Revenue Service, motion to dismiss or for summary judgment pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure. The defendant filed the pending motion on October 21, 1985. A response and motion for summary judgment were filed by the plaintiff, Rachel Templeton, on December 9, 1985. In addition, the defendant filed a motion for a protective order on November 18, 1985, and the plaintiff responded on December 3, 1985 by filing a motion to compel discovery and objection to the requested protective order.

The plaintiff filed a request pursuant to the Freedom of Information Act (FOIA) on March 1, 1985. The request was filed with the Internal Revenue Service Center Disclosure Office in Indianapolis, Indiana (Disclosure Office). On March 14, 1985 the Disclosure Office requested a ten dollar advance payment for the records search. The plaintiff forwarded the payment and a search was instituted. The results of the search were explained to the plaintiff in a letter dated April 4, 1985, in addition the letter indicated the specific exemptions from disclosure. Disclosure was denied based on FOIA exemptions (b)(3) and (b)(7)(A) in conjunction with 26 U.S.C. § 6103(e)(7). The plaintiff then filed this cause of action seeking an order to compel disclosure of the withheld documents.

The plaintiff is proceeding *pro se.* *Pro se* pleadings are to be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The district court's role is to ensure that the claims of *pro se* litigants are given "fair and meaningful consideration." *Matzker v. Herr,* 748 F.2d 1142, 1146 (7th Cir.1984); *Caruth v. Pinkney,* 683 F.2d 1044, 1050

(7th Cir.1982). Furthermore, *pro se* motions and complaints such as the plaintiff's are held to less stringent pleading requirements.

■ To prevail on a motion for summary judgment, the party seeking summary judgment has the burden of establishing the lack of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *Landgrebe Motor Transport, Inc. v. Dist. 72, International Association of Machinists and Aerospace Workers,* 763 F.2d 241, 243–44 (7th Cir.1985); *Janowiak v. Corporate City of South Bend,* 750 F.2d 557, 559 (7th Cir.1984); *Korf v. Ball State University,* 726 F.2d 1222, 1226 (7th Cir.1984). A material question of fact is one that will be outcome—determinative of an issue in that case. *Big O Tire Dealers, Inc. v. Big O Warehouse,* 741 F.2d 160, 163 (7th Cir.1984); *Egger v. Phillips,* 710 F.2d 292, 296 (7th Cir.1983) (en banc), *cert. denied,* 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983). Furthermore, any reasonable inferences to be drawn from the facts presented must be viewed in a light most favorable to the non-moving party. *Korf v. Ball State University,* 726 F.2d 1222, 1226 (7th Cir.1984). In addition, conclusory statements in affidavits opposing a motion for summary judgment are not sufficient to raise a genuine issue of material fact. *First Commodity Traders v. Heinhold Commodities,* 766 F.2d 1007, 1011 (7th Cir.1985); citing *Hall v. Printing and Graphic Arts Union,* 696 F.2d 494, 500 (7th Cir.1982).

■ The plaintiff does not dispute any of the facts before the Court. However, the plaintiff does dispute the defendant's interpretation of the applicable statutes. Specifically the plaintiff alleges that the defendant has no proof that the plaintiff is a " 'person liable' for the payment or collection of a tax, or as a 'taxpayer'." For the purpose of this memorandum the Court will refer to "person liable ... or taxpayer" as a taxpayer. The plaintiff's challenge is common among the group of litigants called "tax protestors."

The tax code does not contain one general definition of "taxpayer" applicable to every section of the Code. The plaintiff cites the definition expressed in the section of the Code which applies to readjustments and limitations. 26 U.S.C. § 1313 (1976). This particular definition states that: "the term 'taxpayer' means any person subject to a tax under the applicable revenue law." *Id.* However, 26 U.S.C. § 1 *et seq.* describes many categories of persons liable for taxes, and taken together those categories provide a complete definition of "taxpayer". In addition, the Court analyzed the Sixteenth Amendment of the Constitution of the United States, court decisions, the statutes and accompanying regulations, to discover the scope of the word "taxpayer".

The Sixteenth Amendment of the Constitution of the United States states:

Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration.

U.S. CONST. amend. XVI. Congress did act to "lay and collect taxes on incomes from whatever source derived", when it passed the Internal Revenue Code of 1954 and subsequent amendments. The regulations which supplement the Code clearly state:

Section 1 of the Code imposes an income tax on the income of every individual who is a citizen or resident of the United States and to the extent provided by section 871(b) or 877(b), on the income of a non-resident alien individual."

26 CFR § 1.1–1(a)(1) (1985). The plaintiff alleges that she is not within the definition of taxpayer but is in the "non-taxpayer" category. The plaintiff's filings include many denials of association with the United States of America. The plaintiff alleges that these denials exclude her from taxpayer status.

The Supreme Court of the United States adopted an extremely broad definition of "taxpayer". *Cook v. Tait,* 265 U.S. 47, 44

S.Ct. 444, 68 L.Ed. 895 (1924). Shortly after the adoption of the Sixteenth Amendment of the Constitution of the United States and the passage of the First Revenue Act a citizen challenged the taxing power of the United States Congress. The Court held that "the principle was declared that the government, by its nature, benefits the citizen and his property wherever found and, therefore has the power to make the benefit complete." *Id.* at 56, 44 S.Ct. at 445. The power to tax is based on the relationship of the citizen to the United States and the United States to the citizen. *Id.* The plaintiff in this case states that she is a "citizen of the United States" in the complaint filed in this Court. The language of the statute and accompanying regulations is clear and unambigious and "... imposes an income tax on the income of *every individual who is a citizen* or resident of the United States." 26 CFR § 1.1–(1)(A) (1985) (emphasis added). This language clearly indicates that citizens of the United States are subject to an income tax. In light of the explicit and unequivocal language it is frivolous and groundless to claim that one is a citizen yet not subject to the taxing power of the United States Congress.

 This Court held, and the Court of Appeals for the Seventh Circuit affirmed, that Section 6103, an anti-disclosure statute, supersedes the FOIA and provides the exclusive criteria for disclosure of tax returns and tax return information. *Green v. Internal Revenue Service*, 556 F.Supp. 79, 82 (N.D.Ind.1982), *aff'd*, 734 F.2d 18 (7th Cir.1984); *cf. Zale Corp. v. Internal Revenue Service*, 481 F.Supp. 486 (D.D.C. 1979). In *Green* this Court held that "a target of an investigation cannot avoid the strictures of Section 6103 by resorting to the FOIA, that Section 6103 controls disclosure and that affidavits asserting serious impairment of tax administration that are not irrational and arbitrary are sufficient to preclude disclosure." 556 F.Supp. at 83.

The defendant submitted affidavits from the District Director for the Indianapolis District of the Internal Revenue Service, and from a Special Agent, Criminal Investigation Division, for the Internal Revenue Service, Indianapolis District. Those affidavits indicate that the documents at issue consist of "work papers, investigative reports, and financial information compiled from bank summonses." The documents sought consist of "return information" as defined by 26 U.S.C. § 6103(b)(2)(A) (1976). However, 26 U.S.C. § 6103(e)(7) (1976) prohibits disclosure "if the Secretary determines that such disclosure would seriously impair Federal Tax administration." The affidavits submitted clearly indicate that disclosure of the documents at issue would seriously impair and disrupt tax investigation and administration. Therefore, the defendant's motion for summary judgment is granted.

Accordingly, and for all the above reasons, it is the ORDER of the Court that the defendant's, Internal Revenue Service, motion for summary judgment be, and is hereby, GRANTED. It is FURTHER ORDERED that the plaintiff's motion for summary judgment be, and is hereby, DENIED. Is is FURTHER ORDERED that the defendant's motion for a protective order be, and is hereby, DENIED as moot. It is FURTHER ORDERED that the plaintiff's motion to compel discovery be, and is hereby DENIED as moot. SO ORDERED.