**Stephen W. DENNIS, Petitioner,**

v.

**UNITED STATES of America and Bernard J. Coleman, Special Agent of the Internal Revenue Service, Respondents.**

No. 85–3286.

United States District Court,
C.D. Illinois,
Springfield Division.

May 22, 1987.

Stephen W. Dennis, Decatur, Ill., for petitioner.

Gerald C. Miller, Tax Div., U.S. Dept. Justice, Washington, D.C., and Patrick Chesley, Asst. U.S. Atty., Springfield, Ill., for respondents.

## OPINION ORDER

MILLS, District Judge:

A question of IRS summonses.

They are valid and must stand.

Dennis brings this action under the Internal Revenue Code, 26 U.S.C. § 7609(b)(2)(A), to quash six Internal Revenue Service ("IRS" or "Service") summonses issued during an investigation of his federal income tax liabilities for the calendar years 1981, 1982, and 1983.

After the Government moved to dismiss, Dennis demanded discovery by way of interrogatories and requests to produce. Following his motion to compel responses, the Government sought a protective order. Dennis—who appears *pro se*—then filed a memorandum setting forth his positions both on discovery and the merits. Argument ensued before U.S. Magistrate Charles H. Evans, who ruled in favor of the Government on the discovery matters.

The Magistrate also recommended that the district court allow the motion to dismiss. His able recommendations are hereby adopted and the Government's motion to dismiss is consequently allowed. Before launching into our analysis, a short review of the facts is in order.

### I.

Bernard Coleman is a duly commissioned special agent of the Service's Criminal Investigation Division, with a post of duty in Springfield, Illinois. In his capacity as a special agent, Coleman investigated Dennis' federal tax liabilities for the taxable years 1981, 1982, and 1983.

Pursuant to the investigation, and in accordance with 26 U.S.C. § 7602, between the dates of April 9 and July 30, 1985, inclusive, the IRS issued a summons to Millikin National Bank, Decatur, Illinois; First Federal Savings and Loan Association, Tuscola, Illinois; Credit Bureau of Decatur, Inc.; Monroe Savings Bank of Rochester, New York; Illinois Bell Telephone Company, Chicago, Illinois; and Teleconnect, Cedar Rapids, Iowa. Each summons directed the named to appear before him (or another designated officer of the Service) on a specified date to testify and produce for examination the books, papers, records and other data set forth in the document. Dennis timely filed an amended petition seeking to quash the summonses.

In that petition, Dennis contends the Internal Revenue Service is guilty of "institutional bad faith" by identifying him as a tax protestor and by conducting an investigation to determine his correct federal tax liabilities and ascertain whether he committed any evasive acts in violation of the Code. Moreover, he asserts the summonses issued to the banks and credit bureau are unreasonable in that they are "overly broad and vague and constitute a 'fishing expedition'." Dennis also maintains the summonses to Illinois Bell and Teleconnect are neither relevant nor necessary and infringe upon his First Amendment rights under the Privacy Act. Continuing into

Part VII of his petition, Dennis alleges that "he is being deprived of the right to an impartial grand jury." Part VIII states that he is not a person subject to the authority of § 7602 of the Internal Revenue Code. Finally, in Part IX he insists that the use of the summons is a "form of fraud and deceptive practices of falsely labeling and calling a subpoena duces tecum a 'summons.'" These contentions lead him to the erroneous conclusion that the Court should not enforce the summonses.

The Government moves to dismiss the action for failure to state a claim upon which the Court may grant relief. Fed.R. Civ.P. 12(b)(6). Additionally, the Government maintains the district court is without jursidiction to quash three out-of-district summonses since the United States has not waived its sovereign immunity with respect to an action seeking to quash summonses issued to out-of-district entities.[1]

## II.

Agent Coleman derives his power from § 7601(a) of Title 26. That provision directs the Secretary of the Treasury (or his delegate) to make inquiries into the tax liability of every person who may be liable to pay any Internal Revenue tax. To aid in an investigation, § 7602(a) and (b) authorize the examination of records, issuance of summonses, and taking of testimony for the purposes of: (1) "ascertaining the correctness of any return," (2) "making a return where none has been made," (3) "determining the liability of any person for any internal revenue tax," and/or (4) "inquiring into any offense connected with the administration or enforcement of the internal revenue laws." *United States v. Euge,* 444 U.S. 707, 710–11, 100 S.Ct. 874, 877–78, 63 L.Ed.2d 141 (1979); *United States v. LaSalle Nat'l Bank,* 437 U.S. 298, 308, 98 S.Ct. 2357, 2363, 57 L.Ed.2d 221 (1978); *United States v. Particle Data, Inc.,* 634 F.Supp. 272, 276–77 (N.D.Ill.1986).

In seeking to quash the summonses in question, Dennis attempts to take advantage of § 7609(b)(2)(A), a provision which expressly waives the sovereign immunity of the United States. It permits the taxpayer (or other person entitled under § 7609(a)(1) to notice of a summons), upon complying with the conditions of the waiver, to commence a proceeding against the United States to quash an IRS summons:

Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). . . .

*See Stringer v. United States,* 776 F.2d 274, 275 (11th Cir.1985); *Abraham v. United States,* 582 F.Supp. 257 (S.D.N.Y.), *aff'd per curiam,* 740 F.2d 2 (2d Cir.1984); *Riggs v. United States,* 575 F.Supp. 738, 741 (N.D.Ill.1983).

Nevertheless, Dennis' cause must fail. We initially conclude that this Court is without subject-matter jurisdiction to render an adjudication concerning the summonses issued to Monroe Savings Bank, Illinois Bell, and Teleconnect. Section 7609(h)(1) limits our exercise of jurisdiction: "The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g)." 26 U.S.C. § 7609(h)(1). *See, e.g., Deal v. United States,* 759 F.2d 442 (5th Cir.1985); *Masat v. United States,* 745 F.2d 985 (5th Cir.1984); *Jungles v. United States,* 634 F.Supp. 585, 586 (N.D.Ill.1986). Because the aforementioned businesses neither reside in nor are found in the Central District of Illinois, this Court is without power to quash the summons issued to those businesses.

Aside from the jurisdictional issue, Dennis' substantive claims are entirely

---

1. Three of the summoned entities—Monroe Savings Bank, Teleconnect, and Illinois Bell—neither reside in, nor are found in, the Central District of Illinois. On the other hand, Millikin National Bank, First Federal Savings and Loan Association, and Credit Bureau of Decatur, Inc., each reside and are found within the geographical district of this Court.

without merit. Initially, his "criminal purpose" defense is frivolous. Although no summons may issue requesting information about a person that has been referred to the Justice Department for criminal investigation, Dennis has not proved, or even alleged, the existence of such a referral as described in § 7602(c) of the Code with respect to any of the subject taxable years. *United States v. Kis,* 658 F.2d 526, 537–37 (7th Cir.1981); *Kerr v. United States,* 801 F.2d 1162, 1164 (9th Cir.1986); *Pickel v. United States,* 746 F.2d 176, 183–84 (3d Cir.1984).

■ Moreover, Dennis' claim that production of the summoned documents would violate his Fourth and Fifth Amendments rights does not withstand scrutiny. First, the Fifth Amendment privilege against compelled self-incriminating testimony normally may only be asserted by the taxpayer himself. It is therefore inapplicable with regard to materials in the possession of third-party recordkeepers as defined by § 7609(a)(3). *Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); *Couch v. United States,* 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973); *United States v. Weingarden,* 473 F.2d 454, 458, n. 4 (6th Cir.1973). *Compare, United States v. Schlansky,* 709 F.2d 1079, 1082 (6th Cir.1983), *cert. denied* 465 U.S. 1099, 104 S.Ct. 1591, 80 L.Ed.2d 123 (1984). Furthermore, even if a third-party recordkeeper could assert a taxpayer's Fifth Amendment rights, the "taxpayer cannot avoid compliance with the subpoena merely by asserting that the item of evidence which he is required to produce contains incriminatory writing ..." *Fisher,* 425 U.S. at 410, n. 11, 96 S.Ct. at 1580, n. 11. *See also United States v. Porter,* 711 F.2d 1397, 1400 (7th Cir.1983). Likewise, Dennis' rights under the Fourth Amendment are not implicated by the compelled production since he has no legitimate expectation of privacy in the contents of documents he knows must be disclosed in his tax returns. *United States v. Miller,* 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976); *Couch,* 409 U.S. at 322, 93 S.Ct. at 611, 34 L.Ed.2d at 548; *Weingarden,* 473 F.2d at 458, n. 4.

■ Dennis has next failed to demonstrate specifically how his associational and expression rights claimed under the First Amendment are chilled by the IRS investigation of his income tax liabilities or by the disclosure of the summoned information. Similarly, he has not submitted—by affidavit or otherwise—any evidence of his harassment by the Government, although such showings are the minimum necessary in order to establish a *prima facie* case of infringement of First Amendment rights. *United States v. Freedom Church,* 613 F.2d 316, 320 (1st Cir.1979); *O'Neal v. United States,* 601 F.Supp. 874, 879–80 (N.D.Ind.1985); *Holderbaum v. United States,* 589 F.Supp. 107, 112 (D.Colo.1984); *Voss v. United States,* 573 F.Supp. 957, 960–61 (D.Colo.1983). His First Amendment defense therefore falls short of the mark.

■ Moving to Dennis' assertion that the summonses are overbroad and seek irrelevant data, it is clear that this contention simply cannot be sustained. The summonses call for the production of data relating to Petitioner's in-state and out-of-state transactions. Such data is potentially relevant to the determination of his correct tax liabilities. Moreover, the Service is not required to make a particularized showing of relevance, and the district court may not substitute its or the taxpayer's judgment for that of the Service in determining what may be relevant. *United States v. Arthur Young & Co.,* 465 U.S. 805, 814, 104 S.Ct. 1495, 1501, 79 L.Ed.2d 826 (1984); *Tiffany Fine Arts, Inc. v. United States,* 469 U.S. 310, 323, 105 S.Ct. 725, 733, 83 L.Ed.2d 678 (1985). Nor does the summons power given to the IRS pursuant to § 7602 infringe upon the role of the grand jury or deprive the Petitioner of his Fifth Amendment right to indictment by a grand jury. *United States v. DeGrosa,* 405 F.2d 926, 929 (3d Cir.), *cert. denied sub nom Zudick v. United States,* 394 U.S. 973, 89 S.Ct. 1465, 22 L.Ed.2d 753 (1969); *Mauroni v. United States,* 84–2 U.S.T.C., ¶ 9705 (N.D.Cal.1984) [Available on WESTLAW–DCT database]. Dennis' challenge to the summonses' breadth is without merit.

Yet another argument is Dennis' incredible (but not unique) theory that he is not a taxpayer; and therefore, the IRS has no "jurisdiction" to issue the summonses which he seeks to quash. This specious assertion, though denominated as a "jurisdictional" argument, is truly a challenge to the statutory authority of the IRS and has been consistently rejected. The reasoning upon which it depends is circular, and the conclusion fallacious.[2] *Ponsford v. United States,* 771 F.2d 1305, 1307 (9th Cir.1985); *United States v. McAnlis,* 721 F.2d 334, 336 (11th Cir.1983), *cert. denied,* 467 U.S. 1227, 104 S.Ct. 2681, 81 L.Ed.2d 877 (1984); *Uhrig v. United States,* 592 F.Supp. 349, 353 (D.Md.1984); *Reed, v. United States,* 592 F.Supp. 200 at 203; *Cienkus v. United States,* 57 AFTR 2d 86–882 (N.D.Ill.1985) [Available on WESTLAW–DCT database].

Finally, the Privacy Act, 5 U.S.C. § 552a, does not require compliance with its terms as a prerequisite to the valid issuance, service, or subsequent judicial enforcement of an IRS summons. Contrary to Dennis' assertions, that law does not contain any provision which allows either the quashing or denial of enforcement of a summons as a remedy for any alleged failure to maintain secrecy. *McAnlis,* 721 F.2d at 337; *Uhrig,* 592 F.Supp. at 353; *McTaggert v. United States,* 570 F.Supp. 547, 550 (E.D.Mich.1983); *United States v. Will,* 475 F.Supp. 492, 494 (M.D.Fla.1979).

In sum, the petition in this case utterly fails to state a claim upon which the district court may grant relief. It raises absolutely no valid claim or defense to support quashing the summonses. Under such circumstances, a proceeding to quash, like any other civil action, should be dismissed. Fed.R.Civ.P. 12(b)(6); *Jungles,* 634 F.Supp. at 586; *O'Neal,* 601 F.Supp. at 877 n. 1; *Sloan v. United States,* 621 F.Supp. 1072, 1073–74 (N.D.Ind.1985), *aff'd in part, dismissed in part,* 812 F.2d 1410 (1987); *Maikranz v. United States,* 612 F.Supp. 590, 592 (S.D.Ind.1985).

And this one is!

Cause DISMISSED.

Case CLOSED.

IT IS SO ORDERED.

---

2. The Court also concludes Dennis has failed to demonstrate that his situation uniquely excepts him from the well established principle that the taxing power of the United States of America extends to every individual who is a citizen or resident of this nation. 26 C.F.R. § 1.1–1(a)(1); *Cook v. Tait,* 265 U.S. 47, 44 S.Ct. 444, 68 L.Ed. 895 (1924); *Templeton v. Internal Revenue Service,* 650 F.Supp. 202, 204–05 (N.D.Ind.1985).

Dennis' next argument—that he has been characterized by the IRS as an "illegal tax protestor"—even if true, provides an insufficient basis upon which to quash an IRS summons. *United States v. Pillsbury Credit Union,* 661 F.2d 1195 (8th Cir.1981); *Reed v. United States,* 592 F.Supp. 200, 203 (S.D.Ohio 1984).