In re William G. WALTERS and Terry G. Walters, Debtors.

UNITED STATES of America, Plaintiff,

v.

William G. WALTERS and Terry G. Walters, Defendants.

William H. WALTERS, Plaintiff,

v.

William G. WALTERS, Defendant.

Bankruptcy No. 89–62082.
Adv. Nos. 91–6073, 90–6030.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division at Gary.

Jan. 4, 1993.

William G. Walters, pro se.

Peter Sklarew, U.S. Justice Dept., Washington, DC, for U.S. Justice Dept.

James R. Byron, Elkhart, IN, for William H. Walters.

## MEMORANDUM OPINION AND ORDER

KENT LINDQUIST, Chief Judge.

This case is before this court on the letter (hereinafter: "Motion") filed by William G. Walters, *pro se*, (hereinafter: "Debtor") on November 2, 1992, to Dismiss the Adversary Proceeding filed by the United States of America (hereinafter: "USA") for lack of subject matter jurisdiction. The Court by Order dated November 4, 1992 treated said Motion as a Rule 12(h) Motion to Dismiss for want of subject-matter jurisdiction. The Court also treated the Debtor's oral assertions that the USA had no authority to prosecute this Adversary Proceeding and its § 505 Motion as a Rule 12(b)(6) Motion. On November 18, 1992, the USA filed a response to the Debtor's Motion and on December 9, 1992, the Debtor filed a Response to the Rule 12(b)(6) Motion, and Notice to Abate.

The Debtor's Motion includes a brief demand for the court to provide citation to the "jurisdiction/authority" of the Internal Revenue Service to tax him. The Debtor argues that he enjoys the status of a non-resident alien, and as such he is not subject to the taxing jurisdiction of the USA. The Debtor does not challenge the jurisdiction of this court, but that of the USA through its agency, the Internal Revenue Service (hereinafter: "IRS") to tax him.

The court in *Dennis v. United States,* 660 F.Supp. 870, 875 (C.D.Ill.1987) observed that an argument like the Debtors, "though denominated a 'jurisdictional' argument, is truly a challenge to the statutory authority of the IRS".

The IRS argues that the Debtor's position that he is a nonresident alien is "patently frivolous," referring to *Lovell v. United States,* 755 F.2d 517 (7th Cir.1984). In *Lovell,* the Seventh Circuit observed that "All individuals, natural or unnatural, must pay federal income tax" on their income. *Id.,* 755 F.2d at 519.

The court in *O'Driscoll v. I.R.S.,* 1991 WL 133417, 1991 U.S.Dist. LEXIS 9829 (E.D.Pa. 1991) rejected the argument that only residents of areas under direct federal jurisdiction pursuant to Art. I, § 8, Clause 17 of the Constitution are subject to federal income

taxes. The court observed that § 7701(a)(10) of the Internal Revenue Code includes the several states and the District of Columbia as part of the United States of America. The USA also points out that aliens who reside in the United States are considered "resident aliens" and are subject to taxation the same as United States Citizens, *citing Cook v. Tait,* 265 U.S. 47, 44 S.Ct. 444, 68 L.Ed. 895 (1924); Internal Revenue Code § 7701(b); 26 C.F.R. § 1.1–1(a)(1); and Treas.Reg. §§ 1.871–1(a); 1.871–2(b). The USA also refers this court to *In re Becraft,* 885 F.2d 547, 548 n. 2 (9th Cir.1989) (federal jurisdiction not limited to District of Columbia and federal enclaves; federal income taxes applicable to residents of states); *United States v. Ward,* 833 F.2d 1538, 1539 (11th Cir.1986) *cert. denied,* 485 U.S. 1022, 108 S.Ct. 1576, 99 L.Ed.2d 891; *United States v. Price,* 798 F.2d 111, 113 (5th Cir.1986) (citizens of Texas subject to federal income tax); *United States v. Dawes,* 874 F.2d 746, 750–51 (10th Cir. 1989) (argument that "individual common law 'de jure' citizens of Kansas" are exempt from taxation is frivolous); *Biermann v. Commissioner,* 769 F.2d 707, 708 (11th Cir.1985) (claim that taxpayer is not subject to taxation because he is a "freeman and unenfranchised individual" is patently frivolous); and *Dennis v. United States, supra,* 660 F.Supp. at 875. *See also* cases cited in *Dennis,* as well as 26 C.F.R. § 1.1–1(a)(1), which is discussed in n. 2 of *Dennis, supra,* at 875.

Therefore, this court concludes that the Debtor meets the definition of a "taxpayer" under § 7701(a)(14) of the Internal Revenue Code as "any person subject to any internal revenue tax." Further, as a taxpayer, the Debtor is required by statute to file tax returns (§ 6012), and where the Debtor fails to file the returns, § 6020 of the Internal Revenue Code allows the USA to prepare and execute the returns. Section 6151 also requires the payment of any tax due at the time the return is filed.

The Court thus concludes that the Debtor is subject to federal income taxation by the USA, and that this Court has subject-matter jurisdiction to determine the amount of the Debtor's income tax liability for the years 1984, 1985, and 1986 pursuant to 11 U.S.C.

§ 505. In addition, the Court concludes that the USA's Complaint and its § 505 Motion states a claim upon which relief may be granted. It is therefore,

**ORDERED** that the Motion of the Debtor should be, and is hereby DENIED. And it is further

**ORDERED,** pursuant to the Court's Order of October 1, 1992, the Debtors are hereby ordered to file an Answer on the merits to the USA's § 505 Motion, expressly setting out any affirmative defenses, on or before January 18, 1993, or the Debtors shall thereafter be barred from filing an Answer, and shall be subject to Default. And it is further

**ORDERED,** that this matter is set down for a Telephonic Status Conference on the 28 day of January, 1993 at 11:00 o'clock A.M.